## MARTIN O'MALIA vs. CHARLES THOMAS.

### Androscoggin.    Opinion December 13, 1923.

*When a clear vision discloses a stretch of unobstructed road the motorist may drive on any part of it.    But when he turns to the left of a traffic line greater care on his part is required.*

In this case the mere fact that the defendant was driving on the left side of the traffic line does not prove him to have been negligent.

In overtaking and passing a slowly moving vehicle it is generally necessary to turn to the left of the road center and greater care should be exercised by the motorist.

The jury committed no manifest error in finding that the defendant's want of due care was the sole cause of the accident.

On motion by defendant. An action to recover damages for personal injuries sustained by plaintiff by being hit by the automobile of defendant on the first day of September, 1922, on Main Street in the city of Lewiston opposite the main entrance gate of the grounds of the Maine State Fair Association, defendant's car being driven by its owner, the defendant. The general issue was pleaded, and the case tried to a jury who returned a verdict of $2,069.00 for plaintiff and defendant filed a general motion for a new trial. Motion overruled.

The case is stated fully in the opinion.

*Louis J. Brann,* for plaintiff.

*Pulsifer & Ludden,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

DEASY, J. Automobile accident case. Verdict for plaintiff. Defendant brings the cause forward by motion on the usual grounds.

The jury evidently found and was justified in finding that the defendant on September 1, 1922 was driving northerly over the state road thirty-five feet wide passing the fair grounds in Lewiston; that he was driving at a rate of speed which under the circumstances

was reckless; that he turned to the left of the center of the road as marked by a white traffic line; that upon reaching the end of the line which terminated in a painted "ball" he was driving wholly on the left of it; that he then drove still further to the left and within five or six feet of the extreme western edge of the road struck the plaintiff causing the injury sued for. The plaintiff testified that when the defendant's automobile struck him he had just alighted from a truck which was standing at the edge of the road, and that he had his hand upon the truck. The jury were abundantly justified in finding this testimony true.

The testimony shows that the accident occurred not southerly of the ball as erroneously indicated by the rough plan used at the trial, nor abreast of it as the defendant's counsel in his brief seems to assume, but some slight distance to the north of it.

We need not say that the mere fact that the defendant was driving on the left hand side of the traffic line does not prove him to have been negligent. In overtaking and passing a slowly moving vehicle it is generally necessary to turn to the left of the road center. When a clear vision discloses a stretch of unobstructed road the motorist may drive on any part of it. But when he turns to the left of a traffic line greater care on his part is required.

The defendant attempts to explain the collision by saying that the car of Mr. Keegan, Superintendent of the Water Works, had come off the fair grounds and entered upon the macadam road ahead of him, and that to avoid running into the Keegan car he ran over the plaintiff.

But the jury seems to have rejected this testimony. Other evidence apparently reliable is to the effect that at the time of the accident the Keegan car was slowly approaching the roadway, but had not reached it.

It is plain that an ordinarily prudent and careful person, similarly circumstanced, would have kept in the middle of the road or seasonably slowed down, or both. The jury committed no manifest error in finding that the defendant's want of due care was the sole cause of the accident.

The defendant's learned counsel does not in his brief complain of the damages awarded. We see no reason for holding them excessive.

*Motion overruled.*