CHRISTIAN O. PETERSEN *vs*. PATRICK FLAHERTY.

Cumberland.     Opinion July 18, 1929.

*Israel Bernstein,* for plaintiff.
*Joseph E. F. Connolly,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BARNES, FARRINGTON, JJ.

WILSON, C. J. An action to recover damages for injuries to the plaintiff's automobile, resulting from a collision with a truck driven by a servant of the defendant.

The collision occurred at the intersection of Exchange and Federal Streets in Portland, the defendant's truck entering the intersection of the two streets on the plaintiff's left. The plaintiff relies on Chap. 9, P. L., 1923, as establishing the defendant's negligence. The case is before this court on report.

We think the preponderance of the evidence warrants the finding of the following facts: The plaintiff was driving southerly along Exchange Street from Congress Street at from twelve to fifteen miles per hour, and as he approached the intersection of Exchange Street with Federal Street — the two streets intersecting at approximately right angles — he blew his horn when about twenty feet from the northerly line of Federal Street. As he approached the intersection of these streets, a Ford coupe passed him, going in the same direction, and turned easterly into Federal Street, which

may have in some degree obscured his vision of Federal Street on his left, but not sufficiently, if he had been observing the traffic on his left, to shut off his view of the defendant's truck.

Before the plaintiff's car entered the travelled part of Federal Street at all, according to the testimony of the plaintiff's own witness who was riding with him at the time, the defendant's truck, proceeding at the rate of eight to ten miles per hour, had entered Exchange Street, and had nearly reached the center line of the intersection of the two streets. The plaintiff, however, continued on, and, it at once becoming apparent that a collision was inevitable, turned to the right, but too late to avoid the collision, the front end of plaintiff's car striking the defendant's truck just back of or near the door of the cab. The collision occurred near the southwesterly corner of the square formed by the intersection of the side lines of the two streets.

The somewhat greater rate of speed at which the plaintiff's car was going and the fact that it struck the defendant's truck just back of the door of the cab, or even if opposite the door of the cab as the plaintiff admitted, presents incontrovertible evidence that the defendant's truck had entered the intersection and was, as the witness riding with the plaintiff testified, nearing the center of the intersection before the plaintiff's car entered the travelled part of Federal Street.

Upon these facts it is clear, we think, that both drivers were negligent and the plaintiff can not recover. The rule of the road laid down in Chap. 9 of P. L., 1923, is not an absolute rule which frees a driver of a motor vehicle at intersecting streets from observing the ordinary rules of due care with respect to a motor vehicle approaching on his left. *Fitz* v. *Marquis*, 127 Me., 75. It does not compel a driver at intersecting streets to stop whenever a motor vehicle is approaching on his right, but too far away to reach the intersection until he has crossed. Only when the motor vehicle approaching on the right, traveling at a lawful rate of speed, will enter the intersection before he can cross and a collision might follow, if he did not stop or slow down, does the rule apply. Occasions will obviously arise when quick decision must be exercised by the driver approaching on the left. If doubt exists in his mind, reasonable care requires him to stop; but if, through failure to exercise

good judgment or reasonable care, he enters the intersection, the driver approaching on the right must still use due care and all reasonable means within his power to avoid a collision.

A driver of a motor vehicle must have his car under control at the intersections of streets. Especially is this so if the street is slippery from rain or if his vision of approaching cars from either direction is obscured.

According to the testimony of the witness riding with the plaintiff, the plaintiff either must have seen the defendant's truck enter the intersection of these streets before he reached the intersection, or by the exercise of reasonable care should have seen it in time to have avoided the collision. While the defendant's servant was, no doubt, guilty of negligence in attempting to cross Exchange Street, with a car approaching so near on his right, yet the exercise of reasonable care on the part of the plaintiff after the defendant's truck had entered the intersection would have enabled him to stop before the collision occurred or to turn into Federal Street westerly in time to avoid it as he attempted to do when it was too late.

*Judgment for the defendant.*