Argued January 4; affirmed January 10, 1933

## CARLSON *v.* HOMESTEAD BAKERY, INC.

### (18 P. (2d) 244)

*Randall S. Jones,* of Portland (E. L. McDougal, of Portland, on the brief), for appellant.

*John A. Beckwith,* of Portland, for respondent.

KELLY, J. On the 29th day of October, 1930, at about 10 a. m., plaintiff was driving a Ford roadster southerly on 67th street in Portland, and an employee of defendant was driving a Dodge delivery truck westerly on 37th avenue. In the intersection of these two streets these two cars collided. The plaintiff received personal injuries.

■ Two questions are presented on this appeal. The first arises from the action of the trial court in denying defendant's motion for nonsuit and its motion for a directed verdict in favor of defendant. It is urged by defendant that plaintiff, by his own testimony, disclosed that he, himself, was guilty of negligence in two respects. First, that he failed to look to the left to observe traffic in that direction; and, second, that he failed to stop his car when he had 17 feet in which to do so notwithstanding the fact that he testified that he could stop it within a distance of about six feet.

It is true that at one point in his examination plaintiff testified that he was looking straight ahead as he proceeded toward the intersection and that he neither looked to the right nor to the left. Subsequently, however, he stated that, while he did not turn his head, nevertheless, he observed with his eyes the approach of defendant's truck before it entered the intersection. In this state of the record, the question of whether plaintiff was negligent in respect to observing traffic approaching from his left was one of fact to be submitted to the jury.

The character of plaintiff's testimony, as to the distance within which he could stop the roadster, is such that the jury were justified in deeming it merely an approximation. He had testified that its speed was 15 miles per hour, and another witness testified that it was traveling very slowly. Moreover, plaintiff's testimony is to the effect that both cars collided, which, in reason, the jury might have thought indicated that the condition of the pavement at the time of the accident was not such that an ordinary or usual stop could be made. We think that no error was committed by submitting to the jury the question of plaintiff's

alleged negligence with respect to yielding the right of way and in regard to excessive speed.

Defendant cites the case of *Petersen v. Flaherty,* 128 Me. 261 (147 Atl. 39). In that case, plaintiff's own witness, who was riding with him at the time, testified that defendant's truck, proceeding at the rate of 8 to 10 miles per hour, had entered Exchange street, and had nearly reached the center line of the intersection of the two streets. The plaintiff, however, continued on and, it at once becoming apparent that a collision was inevitable, turned to the right, but, too late to avoid the collision, the front end of plaintiff's car striking the defendant's truck just back of or near the door of the cab.

In the opinion in that case, it is noted that the somewhat greater speed at which plaintiff's car was going and the fact that it struck the defendant's truck just back of the door of the cab or even, if opposite the door of the cab, as the plaintiff admitted, presents incontrovertible evidence that defendant's truck had entered the intersection and was, as the witness riding with plaintiff testified, nearing the center of the intersection before the plaintiff's car entered the traveled part of Federal street.

In the case at bar, plaintiff's testimony is to the effect that plaintiff's car entered the intersection first and that the right front fender of defendant's truck struck the left front wheel of plaintiff's car. In a word, the facts delineated in behalf of the plaintiff in the Maine case are so dissimilar to those recounted by plaintiff and his witnesses in the case at bar that we think that the former case is not in point. In so holding, we are not unmindful that defendant's witnesses herein gave a version greatly at variance with that of plaintiff, and not unlike the circumstances un-

controvertibly shown in the Maine case; but, that being so, it became a question for the jury to determine as to which account was the true one.

■ The second question presented on this appeal arises because of the refusal of the trial court to give four certain instructions requested by defendant.

There were four specifications of negligence charged against plaintiff by defendant: (1) Failing to observe traffic; (2) excessive speed; (3) lack of control; and (4) failing to yield right of way. The court fully stated to the jury that these specifications of negligence were so made and instructed the jury as follows:

"I instruct you that should you find that the defendant was negligent in one or more of the acts charged against it as negligent by the plaintiff in his complaint, and if you should also find that the plaintiff was negligent in one or more of the particulars set out by the defendant in its answer and that the negligence of the plaintiff contributed proximately to the accident complained of by the plaintiff, then and in that event your verdict should be for the defendant. In other words, where both parties are at fault, and through the fault of both parties an accident occurs and one or both parties suffer injuries and damage, the court will not permit either party to recover from the other and will leave both parties in the position in which their negligence has placed them."

The court also instructed as follows:

"I instruct you that the doctrine of comparative negligence does not exist in this state and you should not speculate or guess as to whether the plaintiff or the defendant, if you find them both negligent, were the more negligent, but if the plaintiff was negligent at all in his conduct as set forth in defendant's answer, even in the slightest degree, and that negligence contributed proximately to the happening of the accident

and damages complained of and was the proximate cause thereof, then and in that event your verdict must be for the defendant although you might believe from the evidence that the defendant was more negligent than the plaintiff.''

The court also instructed the jury as follows:

''It is admitted that the automobile of the defendant was being operated west on 37th Avenue S. E., and the automobile of the plaintiff was being operated south on 67th street. This would place the automobile of the defendant on the left at said intersection. I instruct you that the statute states that when cars approach an intersection simultaneously, the one on the left must yield the right of precedence; this does not mean that the automobile on the left in every case and all cases must wait for the other car on the right to pass. The word 'simultaneously' is given a construction guided by reason and common sense. This statute required the defendant to exercise due care to observe and give the right of way to cars approaching the intersection from its right with which the defendant might collide if it proceeded into the intersection, and if you find from the testimony in this case that the defendant approached and entered the intersection and in the exercise of that degree of care which a reasonably prudent person would have exercised under the circumstances believed that it could safely go ahead without a collision, then the defendant would not be guilty of failing to yield the right of way to the automobile driven by plaintiff and would not be guilty of negligence in that respect, the question, of course, being for you to determine whether or not the defendant is (in) assuming that, if such was the fact, it had with reasonable safety the opportunity of first entering and passing through the intersection exercised that degree of care which a reasonable prudent driver would have exercised under similar circumstances.''

In the four requests refused by the court, in effect the defendant requested the court to state as to each

specification of negligence severally that, if the plaintiff was guilty thereof and thereby contributed to the happening of the accident, the verdict should be for the defendant. This would have been an unnecessary repetition. The trial court did not err in declining to give these four requested instructions.

The judgment of the trial court should be affirmed, but we think that there was probable cause for taking the appeal.

Judgment affirmed.

RAND, C. J., BELT and ROSSMAN, JJ., concur.