FRANK L. BARNES *vs.* HERBERT W. BAILEY.

Hancock County.   Decided November 5, 1936.   In this action of negligence, the jury returned a verdict for the plaintiff and the defendant filed a general motion for a new trial.

The evidence, when carefully examined, shows that on November 13, 1934, the automobile in which the plaintiff was riding, then owned and operated by his wife, collided with a truck owned and driven by the defendant in Augusta at or near the intersection of Route 201 leading from Augusta to Waterville, and Route 3 leading from Augusta to Belfast. The defendant admits that he saw the Barnes car coming up the Belfast road increasing its speed as it approached the intersection and apparently coming into the main highway directly in front of him unless it slowed down or changed its course. He saw, however, another car coming from Waterville on the opposite side of the road over which he was driving, fixed his attention on it and neglected to see the Barnes car enter the intersection until it was too late to avoid running into it. The evidence does not indicate that the car coming from Waterville

threatened the defendant's safety or furnished a sufficient reason for his inattention to the approach of the Barnes car. The defendant was clearly negligent and his conduct is not excused by the equally unjustified entry into the intersection by the car driven by the plaintiff's wife. Her negligence, however, is not imputable to her husband. He was for the time being, in the eyes of the law, her guest.

The motion for a new trial can not be sustained on the ground that the damages awarded were excessive. The plaintiff suffered numerous lacerations, abrasions and minor sprains and also, according to the diagnosis of his physician, a lumbar and sacro-iliac strain. There is evidence, contradicted but not entirely disproved, that he was suffering from chronic arthritis at the time of the accident, long dormant but lighted up by the strain caused by this accident. He was a retail shoe dealer and practicing podiatrist and chiropodist and submitted evidence of a loss of earnings, averaging forty dollars a week from the time of the accident to the date of the trial. The compensation awarded for this loss, for pain and suffering and for future loss of earnings, was generous but not so clearly excessive as to warrant setting the verdict aside. Motion overruled. *Blaisdell & Blaisdell*, for plaintiff. *Merrill & Merrill, John J. O'Connor*, for defendant.