FITZROY F. PILLSBURY *vs.* KESSLEN SHOE COMPANY ET AL.

York County.  Decided November 27, 1936.  On motion and exceptions by defendant.

## MOTION

In his action of tort the plaintiff by jury trial recovered a verdict against the defendant Shoe Company, in a sum not claimed to be excessive, for personal injuries received by him in a near-collision with the defendant's loaded one and a half ton Dodge truck on the three lane cement road, State Highway No. 1, a short distance westerly of Kennebunk Village. Hall Street enters Route 1 from the

south. One Miller, defendant's agent and the then driver of the truck, lived in the second house westerly of Hall Street and on the south side of Route 1. Both the plaintiff's automobile, a Packard sedan, then being driven by the plaintiff, and the truck ahead were proceeding westerly and on the most northerly lane at a speed of from thirty-five to forty miles per hour. When they had arrived at the entrance of Hall Street, oncoming traffic from the west having ceased, the plaintiff, with horn warning, entered the middle lane to pass the truck. When about to pass, Miller, without warning according to the plaintiff's testimony, turned the truck southerly for the purpose of entering his driveway. The plaintiff attempted to avoid an actual collision with the truck and did; but in doing so collided with a telephone pole on the southerly side of the road. The plaintiff's contention was that his injuries were received proximately from the sole negligence of the defendant. The jury so found.

A careful reading of the record convinces us that the jury was entirely justified in reaching its conclusion and we see no reason for disturbing its verdict. Purely questions of fact were involved and the case was preeminently one for such a tribunal. The law pertaining to such a situation has lately been clearly enunciated in *Verrill* v. *Harrington*, 131 Me., 390, and need not now be restated.

## EXCEPTIONS

Two in number, the first exception is to the refusal of the presiding Justice to direct a verdict for the defendant; already in effect covered by consideration of the motion for a new trial.

The second exception relates to the admission of certain rebuttal testimony by the plaintiff. In dispute was the fact whether the truck remained on the cement road or actually entered Miller's driveway after the collision with the telephone pole. Two witnesses for the defense testified that it so remained.

In rebuttal the plaintiff over objection was permitted by the presiding Justice to introduce evidence of witnesses, cumulative to that he had introduced as a part of his original case, that immediately after the accident they had seen the truck in the driveway. Cumula-

tive evidence is not admissable in rebuttal unless by leave of Court.. To admit it then is within judicial discretion, and to such admission there is no right of exception in the absence of abuse of discretion. *Sweeney* v. *Cumberland County Power & Light Co.*, 114 Me., 367 ; *Hill* v. *Finnemore*, 132 Me., 459. Here the Court gave its leave and there was no abuse of discretion. Motion and exceptions overruled. *Louis B. Lausier, Willard & Willard,* for plaintiff. *Edward S. Titcomb, Leon V. Walker,* for defendant.