IDA M. GREGWARE *vs.* ARMAND POLIQUIN.

MARGERY J. SCOTT *vs.* ARMAND POLIQUIN.

ORRA GREGWARE *vs.* ARMAND POLIQUIN.

Androscoggin.      Opinion, March 19, 1937.

*E. W. Bridgham,*
*Benjamin L. Berman,*
*David V. Berman,* for plaintiffs.
*Fred H. Lancaster,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   Just before twelve o'clock noon of Sunday, November 24, 1935, Paul A. Gregware, an osteopathic physician of Bath, Maine, drove his Hudson sedan up Canal Street in Lewiston on his way to Barre, Vermont, and in passing through the intersection formed by Chestnut Street, which crosses Canal Street at right angles, he collided with a LaSalle automobile owned and driven by Armand Poliquin, the defendant. The cars were badly damaged. Two passengers, Ida M. Gregware and Margery J. Scott, who were riding with Doctor Gregware as his guests, were seriously injured. They here sue only the defendant Armand Poliquin, and seek a judgment against him for the damages which they suffered. The action of Orra Gregware is for losses and expenses incurred as a result of the injuries received by Ida M. Gregware, who is his wife.

In the Trial Court, the jury returned a verdict for the defendant in each case and the plaintiffs severally filed motions for new trials. Contributory negligence is not in issue. By failing to deny in his specifications of defense, the defendant admitted the plaintiffs' affirmative allegations of due care. *Superior Court Rule IX.* On the pleadings, the defendant's negligence was the only issue before the jury.

The collision occurred on a fair day on a hard-surfaced and dry street intersection, clear of other traffic. The record discloses the usual conflict of testimony as to the speed of the cars. The results of the collision and the marks upon the ways indicate, however, that both automobiles were moving rapidly when they came together.

The evidence leaves no doubt that, although Doctor Gregware may have, as he claims, glanced to the left before he reached this intersection, just before and as he entered it he was looking only to the right and did not observe the approach of the Poliquin car until one of his passengers screamed and called his attention to it. It was then too late to avoid an accident. He applied his brakes sharply, burning the surface of the way with his dragging tires, but hit the defendant's car broadside as it came across in front of him. Clearly, this driver failed to exercise due care. No reasonable excuse for his failure to see the defendant's car coming towards him in time to avoid the collision appears in the record of the cases. The negligence of this driver, however, is not imputable to his passengers or the husband of the one who seeks to recover expenses and losses incident to her care and the treatment of her injuries. *Barnes* v. *Bailey*, 134 Me., 503, 187 A., 758; *Kimball* v. *Bauckman*, 131 Me., 14, 20, 158 A., 694; *Mitchell* v. *B. & A. Railroad Company*, 123 Me., 176, 122 A., 415; *Cobb* v. *Power & Light Company*, 117 Me., 455, 104 A., 844; *Denis* v. *Street Railway Company*, 104 Me., 39, 70 A., 1047.

The negligence of Doctor Gregware, however, does not of itself discharge the defendant from liability. It is not necessary to find that the defendant's negligence was the sole cause of this collision. He must be held liable for the damages which accrued to these plaintiffs as a result of it if his negligence was a contributing proximate cause. When two or more participate in the commission of a wrong, the injured party may proceed against them severally as well as jointly and prosecute his action to final judgment, but obtaining complete indemnity, must be content. *Cleveland* v. *Bangor*, 87 Me., 259, 32 A., 892; *Hutchins* v. *Emery*, 134 Me., 205, 183 A., 754; *Barnes* v. *Bailey*, supra.

It is an established rule of the road directly applicable in this case that "All vehicles shall have the right of way over other vehicles approaching at intersecting public ways from the left, and shall give the right of way to those approaching from the right;" *R. S., Chap.* 29, *Sec.* 7. The car in which the plaintiff passengers rode was travelling north on Canal Street, while the defendant's automobile came in from the left and the west on Chestnut Street.

The statute required the defendant to "give the right of way" to the other car which was "approaching from the right." When a motor vehicle approaching on the right will enter the intersection before the driver of a car coming from the left can cross, and a collision may result if the latter does not stop or slow down, the rule applies. If there is doubt that a safe crossing may be made, reasonable care requires the driver coming in from the left to stop. *Petersen* v. *Flaherty*, 128 Me., 261, 147 A., 39. Nothing else appearing, a breach of this rule creates a presumption of negligence on the part of the offending driver. *Dansky* v. *Kotimaki*, 125 Me., 72, 130 A., 871 ; *Fitts* v. *Marquis*, 127 Me., 76, 140 A., 909.

We are of opinion that the defendant, upon his own testimony and that of his supporting witnesses, violated this rule of the road and the presumption of negligence thus created is confirmed. One of his witnesses, apparently disinterested and entirely credible, says that the two cars entered the intersection at about the same time. The defendant states that as he came up Chestnut Street he was driving about eighteen or twenty miles an hour, slowed down a little as he reached the curb line of Canal Street, looked once to the right and then to the left for approaching traffic and, seeing none, started straight ahead through the intersection at but a slightly reduced rate of speed. He is positive in his assertion that he never saw the other automobile until it struck his car, and asked whether there was anything which obstructed his view down Canal Street for a long distance when he looked to the right, replied there was "nothing I could see."

Canal Street at this intersection and southerly for a long distance is level, forty-two and one-half feet wide, and the view along it is unobstructed. As already stated, it is conceded that there was no other traffic on the street when these cars came along. The fastest rate of speed charged against the Gregware car is forty miles an hour. The defendant admits he was driving at least fifteen miles per hour. The cars came together very near the middle of the intersection. Accepting the defendant's own estimate of the speed of his car, he drove from the curb line of Canal Street, where he says he looked to the right for approaching traffic, to the point of collision in approximately a second of time. Comparative computation places the other car less than fifty feet from the intersection when the defendant

says he looked down the street. If he looked with any degree of care, he saw the approaching car. It is difficult to believe that he looked at all.

This Court has repeatedly called attention to the settled and salutary rule that an automobile driver is bound to use his eyes and to see seasonably that which is open and apparent and govern himself suitably. Whenever it is the duty of a person to look for danger, mere looking will not suffice. One is bound to see what is obviously apparent. If the failure of a motor vehicle operator to see that which by the exercise of reasonable care he should have seen is the proximate cause of an injury to another, he is liable in damages for his negligence. *Clancey* v. *Cumberland County Power & Light Co.*, 128 Me., 274, 147 A., 157; *Callahan* v. *Bridges*, 128 Me., 346, 147 A., 423; *Rouse* v. *Scott*, 132 Me., 22, 164 A., 872.

The defendant in the case at bar, failing to use reasonable care to watch for and see traffic approaching and about to enter the intersection, denied the car in which the plaintiffs rode the right of way which the law gave it, and he persisted in his wrong to the moment of the collision which produced the damage. Had he slowed down or stopped, the cars would not have come together. The defendant's negligence is clearly established and no serious doubt can arise as to the causal connection between his tortious acts and the injuries which resulted.

We can not believe that the jury in these cases based their verdicts upon findings that the defendant exercised due care. Error so apparent can not be easily attributed to the intelligent men and women of honest intent and purpose, who sit as jurors in our courts. We are convinced that the error lies elsewhere.

As already pointed out, Doctor Gregware, who drove the car in which his mother and guests rode, was clearly guilty of negligence and a joint tort feasor whose wrong contributed to the accident. His negligence, however, is not imputed to these plaintiffs, and their own due care is admitted. The law in this regard is well settled and we must assume that it was stated and fully explained to the jury. It is within the range of possibility, if not probability, however, that the jury, failing to grasp the controlling import and effect of the rules given them, found the plaintiffs negligent or chargeable with their driver's lack of due care. Confusion may have grown out of an

attempt to apply the law of the cases to the proven facts. We pre-
fer to ascribe the erroneous verdicts below to this cause. The result
is the same. The verdicts must be set aside.

*Motions sustained.*
*Verdicts set aside.*
*New trials granted.*