Strafford,
March 5, 1940. } No. 3136.

MICHAEL MITRICH, *by his mother and next friend*

*v.*

JONES STEVENS TUTTLE *& a.*

*Hughes & Burns* (*Mr. Burns* orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Perkins Bass* orally), for the defendant Tuttle.

*Frank E. Blackburn,* for the defendant Cross.

BRANCH, J. During the course of the trial, the defendant Tuttle offered in evidence an authenticated copy of the record of the Superior Court of Maine, for the county of York, in the case of *State* v. *Russell Cross* for recklessly operating a motor vehicle, showing that in May, 1937, the respondent entered a plea of guilty and paid a fine and costs. This record was admitted subject to the plaintiff's exception, for a limited purpose, as appears by the following excerpt from the record. *"Mr. Burns:* And the admission of this does not exonerate Tuttle from his negligence which caused or contributed to cause this accident. *Court:* . . . It is admitted subject to that limitation . . . *Mr. Burns:* . . . My position is that I understand that the admission of this plea does not exonerate Mr. Tuttle from liability if the jury should find he was negligent and that his negligence caused or contributed to the cause of the injury sustained by the plaintiff. *Court:* I intended to say I assume they are restricted to that extent."

By the proceedings above set forth, it was clearly established as the law of the trial that the criminal record against the defendant Cross was admitted in evidence solely against him and that it could not be considered in any way as exonerating the defendant Tuttle from liability. In spite of this clear definition of the law of the trial, counsel for the defendant Tuttle argued to the jury as follows: *"Mr. Davis:* And the Superior Court of Maine, Gentlemen, the same sort of a court as you men are sitting in in the State of New Hampshire, has a judgment record of the fact that that man . . . pleaded guilty to reckless driving at the scene of this accident. Gentlemen, you have a right to consider that in your deliberations just as though the man were standing on the witness stand and says 'I pled guilty to being wholly to blame for this accident.' *Mr. Burns:* To that we object, if the Court please . . . and desire an exception if allowed to stand. *Court:* Exception noted. *Mr. Davis:* That is the effect gentle-

men of what he said and some months later what he pleaded to in the court of Maine, reckless driving. *Mr. Burns:* I object and except further to the misstatement and misinterpretation of the plea. *Court:* Exception noted."

The foregoing argument constituted a palpable violation of the law of the trial which had been correctly declared in accordance with the accepted rules of evidence. The allowance of such an argument was clearly an error which requires the setting aside of the verdict unless it was subsequently cured by appropriate action of the trial judge. *Carlin* v. *Drake,* 89 N. H. 52; *Kennard* v. *Kennard,* 87 N. H. 320, 325. The defendant argues that the error was cured by the subsequent instructions of the court. The court, it is true, instructed the jury as follows: "The fact that Cross pleaded guilty to the charge of reckless driving does not prove and is not competent to prove that the defendant Tuttle was free from fault." If this instruction, in its unqualified form, had been allowed to stand, the defendant's argument would appear to be well founded. It was closely followed, however, by another instruction as follows: "On the other hand, it may be considered on your part as bearing upon whether or not Cross was solely to blame but that fact that he pleaded or admitted, as I say, does not necessarily mean that you would be obliged to find that Tuttle was wholly exonerated." It thus appears that the jury was told that Cross' plea was "not competent to prove that the defendant Tuttle was free from fault" but might be considered as showing that "Cross was solely to blame." It is not thought that a jury of laymen, without careful explanation, which was not attempted in the present instance, would appreciate the difference between the question whether "Tuttle was free from fault" or whether "Cross was solely to blame," and it cannot be found that the confused and contradictory instructions above set forth cured the error inherent in the argument of defendant's counsel. The verdict in favor of the defendant Tuttle must, therefore, be set aside.

The questions raised by many of the plaintiff's other exceptions are not likely to arise at another trial. The following conclusions may, however, be useful in further proceedings.

The plaintiff's motion for a directed verdict was properly denied in accordance with the rule that a verdict will not ordinarily be directed in favor of the party having the burden of proof. *Williams* v. *Duston,* 79 N. H. 490.

There was no error in the admission of the testimony of the witness

England, as to the significance of the tire marks which he observed at the scene of the accident. Subject to exception, the witness was permitted to state "how far . . . the Tuttle car went after the point of collision," and other similar inferences from the character of the marks. The ground of objection to this testimony, stated at the trial, was that "the question and answer invades the province of the jury." This ground of objection has been characterized quite properly as "so unsound, that it should be entirely repudiated", (4 Wig. Ev. (2d. *ed.*) *s.* 1920) and cannot avail the plaintiff in the present case.

Evidence of the fact that none of the other occupants of the Cross car were injured, was properly admitted as bearing upon the contention of the defendant that the plaintiff's injuries were due to his contributory negligence in riding with one leg hanging over the left side of the Cross car.

The plaintiff seasonably requested the court to charge the jury that "the negligence of the defendant driver Cross is not imputable to his passenger, Michael Mitrich." This request correctly stated the law of Maine (*Gregware* v. *Poliquin,* 135 Me. 139), and in view of the prominence given at the trial to the issue of Cross' conduct it should have been given.

The other exceptions taken by the plaintiff do not require consideration at this time.

*New trial.*

All concurred.