HERBERT BERRY
*vs.*
REGINALD ADAMS

HERBERT BERRY
*vs.* •
REGINALD ADAMS

STELLA BERRY
*vs.*
REGINALD ADAMS

York.   Opinion, August 22, 1950.

*Lausier & Donahue,* for plaintiffs.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   The cases arise from a collision in a street intersection between the Berry car operated by Wal-

ter F. Berry in which plaintiffs were passengers and the Adams car operated by defendant. Four actions against defendant were tried together by the jury. The case of the operator of the Berry car ended with a directed verdict for defendant. Actions by Herbert Berry and his wife Stella for personal injuries and by Herbert Berry for losses and expenses incurred as a result of the injuries received by his wife are before us after verdicts for plaintiffs on exceptions to the refusal of the court in each instance to direct a verdict for defendant.

We are not concerned with contributory negligence on the part of plaintiffs. The only issue urged by defendant is whether the jury was warranted in finding that defendant was negligent. Our duty is to determine the issue taking the evidence and inferences to be drawn therefrom in the light most favorable to plaintiffs, and we examine the record with this rule in mind. *Torrey* v. *Congress Square Hotel Company*, 145 Me. 234, (July 1950) ; *Johnson* v. *New York, New Haven & Hartford R. R.*, 111 Me. 263, 88 A. 988 (1913).

The accident took place at ten o'clock in the evening of August 28, 1949 in Biddeford at the intersection of Washington Street running east and west and thirty-six feet in width, and Jefferson Street running north and south and thirty feet in width. The night was clear and the streets dry. The intersection is "obstructed" within the meaning of the statute which reads in part as follows:

> "A driver's view shall be deemed to be obstructed when at anytime during the last 50 feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the ways entering such intersection for a distance of 200 feet from such intersection."

*R. S., Chap. 19, Sec. 102, II-B (1944).*

At the southeast corner the view is obstructed by a building. The distance from the building across the sidewalk

to each street is about eight feet. The motorist approaching westerly on Washington Street has little view of Jefferson Street on his left until reaching the corner, and no more has the motorist approaching northerly on Jefferson Street a view of Washington Street on his right.

The Berry car was proceeding westerly on Washington Street at the rate of ten or fifteen miles per hour. At a point thirty-five or forty feet from the intersection, the driver testified "when I didn't see any cars coming I stepped on the gas and was doing probably twenty."

The cars collided at a point about three-fourths of the distance across Washington Street in the northwest quarter of the intersection. The front end of the Berry car struck the right side of the Adams car to the rear of the right headlight. The Berry car came to rest on the east side of Jefferson Street and the Adams car after crossing the sidewalk stopped upon an embankment against a house and stone steps leading to the sidewalk on the west side of Jefferson Street. No one of the occupants of the Berry car, who included the driver, his wife, and the plaintiffs, nor a witness on Washington Street easterly of Jefferson Street, saw the Adams car before the crash. From their evidence the jury could find that the Berry car entered the intersection before the Adams car.

Defendant presented no evidence except photographs of damage to the cars offered through plaintiffs' witnesses.

The plaintiffs alleged that defendant was proceeding northerly on Jefferson Street and that he "carelessly and negligently operated said Adams car and negligently failed to yield the right of way." The defendant in argument urges there is no proof of the direction from which the Adams car entered the intersection. The evidence, he says, is consistent with the Adams car approaching easterly on Washington Street and making a left turn or approaching northerly on Jefferson Street, and he argues that only by guess or conjecture could the course of Adams car be deter-

mined. We assume, for we need not decide, that the plaintiffs' case hinges on proof that the Adams car was proceeding northerly on Jefferson Street.

Here lies the vital issue. Was the jury warranted in finding defendant was proceeding northerly on Jefferson Street? If such were the fact, the failure of the driver in approaching a blind intersection to observe, and to yield the right of way to, and to enter the intersection after the car approaching from his right, with the surrounding circumstances, clearly justified a finding of negligence.

The words of Justice Sturgis in *Gregware* v. *Poliquin,* 135 Me. 139 at 143, 190 A. 811 at 813 (1937) in which the court held as a matter of law that negligence was established are applicable. Here we need go no further than say that, if such were the fact, the jury was entitled to find negligence and liability based thereon.

> "The defendant in the case at bar, failing to use reasonable care to watch for and see traffic approaching and about to enter the intersection, denied the car in which the plaintiffs rode the right of way which the law gave it and he persisted in his wrong to the moment of the collision which produced the damage. Had he slowed down or stopped, the cars would not have come together. The defendant's negligence is clearly established and no serious doubt can arise as to the causal connection between his tortious acts and the injuries which resulted."

In the brief time from the entrance of the Berry car into the intersection until the collision, the Adams car came from without the intersection. If the Adams car were approaching easterly on Washington Street, we have the case of a driver with the view unobstructed making a sharp left turn in front of an on-coming car less than the width of Jefferson Street distant. On this view, indeed, there would have been no collision had the Adams car passed beyond the center of the intersection before making the left

turn. To turn left, as here suggested, before passing beyond the center is a clear violation of the traffic laws. *R. S. Chap. 19, Sec. 107.*

The jury properly sought a more reasonable explanation and found that, if the Adams car was proceeding northerly on Jefferson Street, the picture became complete and understandable. The Berry and Adams cars were hidden, as we have indicated, from each other's view until both cars were very near the corner. A person may be negligent, and yet not wholly unreasonable in his conduct. The failure to note the dangers at a blind intersection which may result in an accident within a second's time may properly be the basis of a finding of negligence. Surely, the defendant has little ground to complain that the jury found that he was momentarily forgetful of his obligation to guard against hidden dangers on his right and not that with his view in no way obstructed he turned sharply to the left in the path of an on-coming car. The jury could well find that defendant, observing the Berry car and unable to avoid striking the Berry car on its left side, turned his car to the left and attempted to pass through the intersection in front of the Berry car.

The defendant did not take the stand. No reason or excuse was offered to explain his failure to tell what happened. It was proper for the jury to infer that "(he) preferred the adverse inferences of the testimony introduced on behalf of the (plaintiffs) to any definite testimony presented on (his) behalf." *Bubar* v. *Bernardo,* 139 Me. 82 at 89, 27 A. (2nd) 593 at 596 (1942) ; *2 Wigmore on Evidence, Sec. 289, Page 171, (3d Edition 1940).*

A jury question was here presented. There was no error in the refusal to direct a verdict for defendant. The entry in each case will be:

*Exceptions overruled.*