ROBERT P. MORRISSETTE
*vs.*
RANDOLPH G. CYR

York.   Opinion, February 11, 1959.

*Lausier & Donahue*, for plaintiff.

*Robert A. Wilson,*
*Basil Latty*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J.   This case arises from a collision in a street intersection in Biddeford between automobiles operated by the plaintiff and the defendant. Exceptions to the direction of a verdict for the defendant are overruled.

The sole issue in the case is whether as a matter of law the plaintiff was guilty of contributory negligence. Under the familiar rule we take the evidence with the inferences drawn therefrom in the light most favorable to the plaintiff. *Ward* v. *Merrill*, 154 Me. 45, 141 A. (2nd) 438.

The jury could have found on the record as follows:

The accident took place at 10:30 o'clock on a clear night in March at the intersection of Jefferson Street running north and south and thirty feet in width, and Adams Street running east and west and forty feet in width.

The plaintiff was proceeding uphill and northerly on Jefferson Street at fifteen miles per hour, and the defendant was proceeding westerly on Adams Street and also uphill until within a few feet of the intersection. A fence on the east side of Jefferson Street near the intersection prevented the plaintiff from observing traffic to his right on Adams Street until the hood of his car was in the intersection. He could then see two hundred feet easterly on Adams Street.

Lights of defendant's car were first seen by the plaintiff when he was in the center of the intersection. The defendant's car was then about forty feet from him and advancing at forty miles per hour. The defendant's car struck the right-hand door and the right rear fender of plaintiff's two-door sedan. The plaintiff's car was pushed by the force of the collision to the west side of the intersection.

The plaintiff testified that he looked easterly on Adams Street as he entered the intersection and no car was in sight. If a jury could have found this to be the fact, then the case should have gone to the jury.

The plaintiff, however, was mistaken. From the moment when the plaintiff in the intersection looked to his right and saw nothing until the moment of collision less than two seconds elapsed. The plaintiff at fifteen miles per hour, or twenty-two feet per second, traveled less than the width of Adams Street, or less than forty feet. Within this brief period, on plaintiff's evidence, the defendant came into view, was first seen forty feet from the intersection, and collided with the plaintiff.

It seems to us plain that when the plaintiff entered the intersection the defendant must have been in sight. At

forty miles per hour the defendant was traveling about sixty feet per second. Thus, when the plaintiff says he looked to the right and saw nothing, the defendant was in fact not over one hundred twenty feet distant and well within the unobstructed view of the plaintiff.

There is no reasonable explanation on the record why as the plaintiff entered the intersection he did not observe the lights of the defendant's car approaching on Adams Street. The only conclusion that can be drawn from the record is that the plaintiff did not look to the right as he entered the intersection. Had he done so he would have seen, or should have seen, the defendant's car approaching at a high rate of speed in time to avoid the collision.

The plaintiff failed to see what he should have seen in the exercise of due care and to govern himself accordingly. Illustrative cases are: *Gold* v. *Portland Lumber Corp.*, 137 Me. 143, 16 A. (2nd) 111; *Gregware* v. *Poliquin*, 135 Me. 139, 142, 190 A. 811; *Petersen* v. *Flaherty*, 128 Me. 261, 147 A. 39.

The entry will be

*Exceptions overruled.*