Colby N. RICKER

v.

MORIN BRICK COMPANY.

Ella M. RICKER et al.

v.

MORIN BRICK COMPANY.

Supreme Judicial Court of Maine.

Oct. 24, 1966.

Charles W. Smith, Saco, for plaintiffs.

Lawrence P. Mahoney, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

MARDEN, Justice.

Appeals by plaintiffs from directed verdicts. The companion cases will be discussed in the singular.

Because the issues involved fall within the category discussed in Williams v. Kinney, Me., 220 A.2d 234, and our consideration is an extension of that discussion, we shall express the case in the terms of *Williams*.

The case arises out of collision between motor vehicles proceeding southerly on a three lane highway in York, the defendant's vehicle overtaking and colliding with the plaintiff's partnership vehicle while operated by plaintiff Colby N. Ricker as it was making a left turn to enter premises easterly of the highway.

The highway, Route 1, may be considered as running north and south. It is a highway with hard surface of 33 to 36 feet in width with the lanes separated by broken white lines. For purposes of discussion, we identify the three lanes in the highway as number one to three from east to west. Applying this identity to the lanes, lane three would be considered as a lane for south

bound traffic, lane one would be considered a lane for north bound traffic and lane two (center) as a passing lane for traffic in either direction.

Facts not in dispute established that at about 8:00 a. m. on the day in question and with clear weather, plaintiff Colby N. Ricker was operating a pick-up truck towing for delivery a rubber tired hay rake, and was proceeding in lane three intending to enter Davidson premises on the east side of the highway, which called ultimately for his making a left turn across lanes two and one into the entrance. The highway was straight for approximately 350 yards both to his front and rear. The posted speed limit was 40 miles per hour.

As plaintiff approached his destination he looked in his rear view mirror and observed two passenger cars directly behind him and about 200 yards back a truck which proved to be that of the defendant. The two cars directly to his rear overtook and passed him after which he put on his directional signal for a left turn and pulled into the center (passing) lane of the highway, at which time he was approximately 200 feet (northerly) from the driveway he proposed to enter. He traversed this distance of approximately 200 feet at a speed of about 20 miles per hour, his directional signal still "on" and, no north bound traffic (lane one) to the contrary, started to complete his left turn across lane one into the Davidson driveway. As the front wheels of his truck "just about entered" the driveway he heard a horn and almost simultaneously a collision occurred between defendant's truck and the truck he was operating, the defendant's vehicle striking the vehicle he was driving directly behind its cab. The collision resulted in property damage to Ricker, et als truck, and personal injury to Colby N. Ricker.

Upon trial, at the close of the case, a defense motion for a directed verdict in both cases was granted, upon the holding that plaintiff was guilty of contributory negligence as a matter of law, and plaintiff appealed.

◼ The case comes to us with a record of the testimony of the plaintiffs, and the validity of the directed verdict is to be tested upon the evidence viewed in the light most favorable to the plaintiff. *Williams,* supra, at page 235. As in *Williams,* the question is whether plaintiff was contributorily negligent as a matter of law. In *Williams,* supra, we reviewed statutory and case law dealing with the type of situation discussed here and that review is incorporated by reference. Here, as in *Williams,* the application of the statutory rules of the road and our cases interpreting the rule of due care must be coordinated. Here, as in *Williams,* the statutes pertaining to a three lane roadway,[1] overtaking vehicles [2] and turning vehicles,[3] three of which appeared as footnotes to *Williams* and which are not here repeated, and the fourth here added, are to be considered.

---

1. 29 M.R.S.A. § 991

2. 29 M.R.S.A. §§ 1151 and 1152
    "*§ 1151. Overtaking vehicle to pass at left; warning; passing at right under certain conditions*
    \*       \*       \*       \*       \*
    "The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:
    "*1. Left turn.* When the vehicle overtaken is making or about to make a left turn;
    \*       \*       \*       \*       \*

"*4. On the right.* The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.
    "The driver of an overtaking motor vehicle not within a business or residence district shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction."

3. 29 M.R.S.A. § 1191.

*Williams* announced no new law. Its result obtained only from the unique facts in the case.

The present case may be described as only a factual extension of Verrill v. Harrington, 131 Me. 390, 163 A. 266, in which the rule was established that a driver intending a left turn to cross the *right of way* of an overtaking vehicle must so watch and time the movements of the other car "as to reasonably insure himself of a safe passage." [4] In *Verrill* (1932) the defendant's overtaking vehicle was proceeding in a lane designated for passing, later affirmed by statute of 1947, now 29 M.R.S.A. § 991. Here defendant's overtaking vehicle was proceeding in lanes three, two and one or two and one successively to the point of collision. It is not clear in which lane it was first observed.

Defendant places emphasis on 29 M.R.S.A. § 1191 which provides that "[n]o person shall * * * turn a vehicle to enter a private road or driveway * * * unless and until such movement can be made with reasonable safety * * *." This rule originated in Chapter 301 P.L.1951, but this rule of the road does not control exclusively the problem with which we are now involved. While the reference statute was enacted after Fernald v. French (1921) 121 Me. 4, 115 A. 420, the *Fernald* rule was not thereby abrogated, its last reiteration being in Beal v. Wood, et al. (1960), 156 Me. 414, 418, 165 A.2d 61, 63 where the court said:

"It is familiar law in this jurisdiction that the operator of an automobile intending to cross the *right of way* [emphasis added] of cars coming from behind has the duty of so watching and timing the movements of the other car as to reasonably insure himself of a safe passage * * *."

The statute advanced by defendant, when applied to an "overtaking" situation is refined by the *Fernald-Beal* rulings. The burden cast upon the overtaken car in such situation depends upon the existence of a "right of way" in favor of the overtaking car.

The meaning of the phrase "right of way" as used in granting precedence to one vehicle over the other has been given in Petersen v. Flaherty (1929), 128 Me. 261, 263, 147 A. 39, interpreting our "right of way" statute [5] in which the court said that, qualified always by the exercise of due care, the rule applied only when the vehicle approaching from the right, traveling at a lawful rate of speed, would enter the intersection before the other vehicle could cross and a collision might result were the other vehicle not to stop or slow down. Its purpose is to avoid collisions by establishing precedence between vehicles which propose otherwise to attempt to use simultaneously one piece of ground. This definition is implicit in the *Fernald-Verrill* line of cases.

In balance of 29 M.R.S.A. § 1191 is 29 M.R.S.A. § 1151 (see footnote 2) which imposes a duty upon the overtaking driver not within a business or residence district to give "audible warning with his horn or other warning device" before overtaking a preceding vehicle and grants such overtak-

---

4. The only cases which have come to our attention involving a three lane highway are Verrill v. Harrington, 131 Me. 390, 163 A. 266; Reid v. Walton, 132 Me. 212, 168 A. 876, and Pillsbury v. Kesslen Shoe Co., 134 Me. 504, 188 A. 726, of which cases Pillsbury was substantially a repetition of Verrill, and Reid involved cars approaching from opposite directions.

5. "§ 944. *Right of way; intersecting ways and entrances of private roads*

"All vehicles shall have the right of way over other vehicles approaching at intersecting public ways, except traffic circles or rotary intersections, from the left and shall give the right of way to those approaching from the right, except that traffic officers stationed at such intersections may otherwise regulate traffic thereat. * * *."

ing driver permission to pass to the right of such vehicle when the overtaken vehicle "is making or about to make a left turn." This statute was superimposed upon O'Malia v. Thomas (1923), 123 Me. 286, 287, 122 A. 773, which declared that due care on the part of the overtaking driver calls factually for "greater care" and Levesque v. Pelletier and Thibodeau (1932), 131 Me. 266, 273, 161 A. 198, 202, which declared that the overtaking driver "proceeds to pass at his peril" a preceding car, the operator of which is exercising due care. The application of these rules of the road as between the drivers of the overtaken and overtaking cars are typical jury problems.

In 29 M.R.S.A. §§ 1151 and 1152 it is recognized that in the first instance the car being overtaken, assuming due care on the part of its operator, has the right of way. The overtaking vehicle acquires a qualified right of way only after giving audible warning in rural areas of his intention to pass and the existence of other traffic conditions which justify a passage.

Within this milieu falls our present problem, and by it, the conduct of plaintiff is to be tested. Whether defendant met his responsibility is relevant, for plaintiff's care measured factually may well be affected by defendant's meeting or failing to meet his obligation of due care statutorily or otherwise imposed.

The statute (§ 1151) required this defendant seasonably to give plaintiff audible warning of his intention to pass, provided the area was not within a business or residential district. The character of the area is not specifically in the record although an inference is justified that it was in a rural section of the town. This was a jury question.

◼ The statute (§ 1152) required the overtaken plaintiff to give way on audible signal seasonably given except when the overtaking defendant could pass on plaintiff's right. The plaintiff testified that "the horn (of defendant) and the crash come almost together." No jury could be expected to find that an audible warning given so near in point of time to the collision that no responsive action could be taken, is such warning as the statute contemplates. An inference may fairly be drawn that lane three was open to defendant. Upon this record, defendant, as a matter of law, gained no right of way to pass to the plaintiff's left. Plaintiff in making his left turn did not cross any "right of way" of defendant. Plaintiff had complied with the statutory requirements as to directional signals (29 M.R.S.A. § 1191). Plaintiff had seasonably and with safety moved from lane three to lane two (29 M.R.S.A. § 991). Plaintiff occupied the proper lane of the road for a left turn (29 M.R.S.A. § 991) and he had taken a position from which he was not required to give way to the right (§ 1152). He cannot be charged with anticipating the negligence of the defendant, Crockett v. Staples, 148 Me. 55, 59, 89 A.2d 737, or expressed affirmatively, he was entitled to assume that the defendant would observe the rules of the road, Ward v. Merrill, 154 Me. 45, 49, 141 A.2d 438, Johnson v. Rhuda, 156 Me. 370, 377, 164 A.2d 675, 90 A.L.R.2d 1314, and exercise due care Tomlinson v. Clement Bros. Inc., 130 Me. 189, 194, 154 A. 355.

◼ While we have emphasized the applicability of the statutory rules of the road, a study of the factual situation affirms our conclusion. The plaintiff observed the defendant to his rear, but at such a distance that a jury could find that the plaintiff reasonably could assume that the defendant would not be a factor in the safety of his left turn. For the collision to occur, it was necessary for the defendant to travel at a speed substantially in excess of the lawful posted speed limit in that area, although the time and distance elements were not such as to require a finding that either the defendant's approaching speed or the accuracy of plaintiff's original observation were incredible. The "right of way" rule estab-

lished in *Petersen,* supra, presupposes the approach of the contesting cars at a lawful rate of speed and neither of two such drivers acquires a "right of way," if to do so either has to operate at a negligently excessive speed. It cannot be said that this plaintiff was negligent as a matter of law in turning left as he did.

■ Whether or not, in the light of all these circumstances, and the interplay of statutes correctly interpreted to the jury, due care on plaintiff's part would permit him to conclude that his left turn could be made with reasonable safety (§ 1191), was a jury question.

Appeal sustained.

DUFRESNE, Justice (concurring).

I agree fully with the reasoning and the results of the Court's decision in this case. However, multiple references in the opinion to Williams v. Kinney, Me., 220 A.2d 234 (May 31, 1966), impel me to state that my concurrence herein should in no way be construed as a withdrawal on my part from the position taken in my dissenting opinion in Williams. I must disagree with the assertion that "Williams announced no new law" and that "[i]ts result obtained only from the unique facts in the case." I would substitute for that conclusory statement one of my own: Williams should be overruled.

Without further ado, I concur.