**Harvey D. WOODBURY**

v.

**Elizabeth HONAN.**

Supreme Judicial Court of Maine.

Nov. 23, 1966.

Berman, Berman, Wernick & Flaherty, by Theodore H. Kurtz, Portland, for plaintiff.

Mahoney, Desmond, Robinson & Mahoney, by Lawrence P. Mahoney, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and DU-FRESNE, JJ.

TAPLEY, Justice.

On appeal by defendant from findings and order granting plaintiff's motion for judgment n. o. v. after a jury verdict for the defendant.

Action was brought by plaintiff, Harvey D. Woodbury, to recover damages sustained to his automobile while being driven by his son, Philip John Woodbury. The accident occurred at the intersection of Fourth and Harriet Streets, in South Portland, Maine. At the time of the accident Philip John Woodbury was operating his father's car, driving a group of young people to a Church Youth Club meeting.

The record discloses that the driver of the plaintiff's car, Philip J. Woodbury, was a bailee of the plaintiff and, therefore, his negligence is not an issue in this case. The sole issue is whether, as a matter of law, the defendant was operating her car negligently and whether such negligent operation was the proximate cause of the accident. The gist of the findings of the presiding Justice in granting plaintiff's motion is that the defendant before entering the intersection of Fourth and Harriet Streets failed to look because if she had done so she would have seen the approaching plaintiff's car. The defendant, Miss Honan, testified:

"Q. Now, would you tell us what you did as you approached the intersection?

A. As I came slowly toward the intersection I looked in both directions and I didn't see any other vehicle and I just continued slowly across, and when I was out in the intersection someone in—the passenger in my back seat called 'a car coming,' and at that time it was behind me so I didn't see it at all, even then when it hit."

Miss Honan was operating her car on Fourth Street which intersects Harriet Street. The defendant described Harriet Street, upon which the Woodbury car was approaching the intersection on defendant's right, as being "flat for a short distance, I think, and then dips down a little towards Broadway." The impact came at the right hand front door of the defendant's car. A reading of the record demonstrates that had Miss Honan, the defendant, looked to her right upon entering the intersection she

would, or should, have seen the Woodbury car.

There is some similarity in the factual structure of this case with that found in Morrissette v. Cyr, 154 Me. 388, on page 390, 148 A.2d 704, on page 705, in which this court said:

"There is no reasonable explanation on the record why as the plaintiff entered the intersection he did not observe the lights of the defendant's car approaching on Adams Street. The only conclusion that can be drawn from the record is that the plaintiff did not look to the right as he entered the intersection. Had he done so he would have seen, or should have seen, the defendant's car approaching at a high rate of speed in time to avoid the collision."

We find no error in the presiding Justice granting plaintiff's motion for judgment n. o. v. setting aside the verdict of the jury and ordering entry of judgment for the plaintiff in the sum of $285.66 notwithstanding the verdict.

The entry will be,

Appeal denied.

RUDMAN, J., did not sit.