ALBERTA COLOMB, by next friend,

*vs.*

PORTLAND & BRUNSWICK STREET RAILWAY.

Cumberland.   Opinion October 3, 1905.

*Street Railways.   Personal Injuries.   Child Injured on Track.   Contributory Negligence.   Due Care.   Care Required of Infant.*

In a case where a child ten years and seven months old, while attempting to cross an electric railway track in a street, was run over by a car, and where it appears that the car, at the time she attempted to cross, was in plain sight of her, and could not have been much more than its own length from her, and where it is manifest, either that she did not look to see if the car was approaching, or that, if she looked, she must have seen the car, *held,* that her contributory negligence is a bar to her recovery against the railway company.   Her act can hardly be regarded otherwise than a result of a sudden unthinking impulse, or of reckless daring.

Though children are not by law holden to the exercise of the same extent of care that adults are, and though the age and intelligence of a party are important factors in determining whether due care has been used, yet the plaintiff in this case was bound to use that degree or extent of care which ordinarily prudent children of her age and intelligence are accustomed to use under like circumstances.

*Held:*  that the plaintiff clearly failed to use that care which a child of her intelligence should use.

On motion by defendant.   Sustained.

Action on the case brought to recover damages for personal injuries sustained by the plaintiff by reason of being run over by one of the cars of the defendant, in Brunswick village.   At the time of the injury, the plaintiff was of the age of ten years and seven months. As one of the results of the injuries sustained by the plaintiff, she lost an arm.

The action was tried at the January term, 1905, Supreme Judicial Court, Cumberland County.   Plea, the general issue.   Verdict for plaintiff for $2800.   Defendant then filed a general motion to have the verdict set aside,

The case is sufficiently stated in the opinion.

*McGillicuddy & Morey, and William H. Looney,* for plaintiff.

*Weston Thompson,* for defendant.

SITTING: STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J.    The plaintiff, then a child of ten years and seven months, was run over by one of the cars of the defendant, in Brunswick village, and received injuries for which she seeks to recover in this action.    The accident occurred nearly in front of the place where the plaintiff was attending school, before school hours.    At the time many of the school children were playing in the street upon both sides of the defendant's track, and perhaps upon the track. The car was proceeding on a slight down grade.    The only witness who claimed that he made any particular observation testified that at the point of collision the track was visible back for a distance of fifteen or sixteen hundred feet.    The car was eight wheeled, and forty feet long.

The car was stopped by reversing the motor while going a little more than half its length, after the plaintiff came onto the track.

The plaintiff claims that the defendant was negligent, because the car was being driven at an unreasonable and dangerous rate of speed, because no warning by bell, gong or whistle was given while the car was approaching the place of the accident, and because the motorman allowed his attention to be diverted to a boy standing by the side of the street, instead of looking straight ahead.    This boy estimated the speed of the car at sixteen or seventeen miles an hour. The weight of the evidence, and upon some of the propositions the great weight of the evidence, we think negatives these claims.

But if we assume that there was sufficient evidence of the defendant's negligence to go to the jury on that ground, there is another ground which we think presents an insuperable obstacle to the plaintiff's recovery.    The plaintiff was bound to show not only the defendant's negligence, but affirmatively that no want of due care on her part contributed to her injury.    *McLane* v. *Perkins,* 92 Maine, 39. Here we think she fails.    She attempted to cross the track in front

of a moving car, which could not have been many feet from her. For taking any fair estimate of her own speed and the outside estimated speed of the car, she would have crossed the track, in not much more time than it took the car to run its own length. Though a child, she was nevertheless bound to exercise due care. Though children are not by law holden to the exercise of the same extent of care that adults are, though the age and intelligence of a party are important factors in determining whether due care has been used, yet the plaintiff was bound to exercise that degree or extent of care which ordinarily prudent children of her age and intelligence are accustomed to use under like circumstances. *Gleason* v. *Smith,* 180 Mass. 6, the case of a child twelve years old. If children unreasonably, intelligently and intentionally run into danger, they should take the risks. *Collins* v. *South Boston R. R.,* 142 Mass. 301.

Due care required the plaintiff to use some degree of watchfulness before she attempted to cross. That she appreciated the danger of crossing an electric railroad track, and the need of watching, is evident, for she says that she always looked before crossing, so that she should not be struck by a car, and that in this instance she looked on both sides to see if a car was coming. But she says she was not careless in attempting to cross, because she not only looked, but when she looked there was no car in sight, and in this she is supported by one witness who says that he crossed the same track at about the same place, only a few feet in front of her, and that he looked and saw no car. The plaintiff and her witness are undoubtedly mistaken, to say nothing worse. It is clear beyond contradiction that the car was in plain sight at the time they say they looked. They could not have looked as they say they did without seeing the car. The plaintiff either looked and saw the approaching car, or she did not look. In either event she was careless. *Blumenthal* v. *Boston & Maine R. R.,* 97 Maine, 255. Her act can hardly be regarded otherwise than the result of a sudden, unthinking impulse or of reckless daring. To attempt to cross the track in front of a moving car, which could not have been many feet from her, was conduct "such as the judgment of common men universally would condemn as careless in any child of sufficient age and intelligence to be permitted to go alone" across a

street on which electric cars are frequently passing.  *Hayes* v. *Norcross*, 162 Mass. 546.  See also *Casey* v. *Malden*, 163 Mass. 507; *Mullen* v. *Springfield St. Ry. Co.*, 164 Mass. 450.

*Motion for new trial sustained.*