defences and counterclaims, to try to separate them and then see if, in any case, they are sufficient.

The interlocutory judgment should be affirmed in sustaining the demurrer to the counterclaims, and reversed in overruling it to the defences.

Interlocutory judgment affirmed in sustaining the demurrer as to the counterclaims, and reversed in overruling it as to the defenses, and the demurrer sustained thereto, without costs to either party. WOODWARD, JENKS, HOOKER, and RICH, JJ., concur in result.

---

(128 App. Div. 414.)

## GORMAN v. NEW YORK, C. & ST. L. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. HUSBAND AND WIFE (§ 207*)—WIFE'S SERVICES—RIGHT OF HUSBAND TO RECOVER.

In an action for injury to his son, plaintiff can recover the value of his wife's services in nursing the son.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 207.*]

2. HUSBAND AND WIFE (§ 207*)—WIFE'S SERVICES—RIGHT OF HUSBAND TO RECOVER.

One is entitled to his wife's services in his household, and, in the absence of a different understanding, can recover for her services to a third person beyond her household duties.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 207.*]

3. DAMAGES (§ 37*)—INJURY TO CHILD—ELEMENTS OF RECOVERY.

One can recover against another injuring his infant child the value of his own services necessarily rendered in caring for the child.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 240, 249, 250; Dec. Dig. § 37.*]

4. DAMAGES (§ 157*)—ISSUES AND PROOF.

Recovery of an item of damages not within the pleadings is improper.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–453; Dec. Dig. § 157.*]

Williams, J., dissenting.

Appeal from Trial Term, Erie County.

Personal injury action by Jeremiah Gorman against the New York, Chicago & St. Louis Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted, unless remittitur be entered, in which case modified and affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Evan Hollister, for appellant.
Clarence M. Bushnell, for respondent.

ROBSON, J. Plaintiff's damages were fixed by the verdict of the jury at the sum of $4,418. This sum was awarded as compensation

for the pecuniary injuries suffered by plaintiff by reason of an injury to plaintiff's son, a minor, occasioned by defendant's negligence. In arriving at the amount of their verdict, the jury included therein, as appears by their special verdict rendered as directed by the trial court, the sum of $500 fixed by them as the value of the services of plaintiff's wife for nursing the injured son. If plaintiff is entitled to recover anything for the services of his wife thus rendered, the amount fixed by the jury as the value thereof is fully warranted by the evidence. Plaintiff's right to recover the value of services thus rendered seems to be supported by the clear weight of authority expressed in judicial opinions and in text-books of recognized value. Martin v. Wood, 23 N. Y. St. Rep. 457, 5 N. Y. Supp. 274; Joyce on Damages, vol. 1, § 305; Sutherland on Damages (3d Ed.) vol. 4, p. 364; and cases cited by both writers.

That a husband is not entitled to recover the value of such services has been distinctly held in the case of Goodhart v. R. R. Co., 177 Pa. 1, 35 Atl. 191, 55 Am. St. Rep. 705, which has been followed by that court in the later case of Woeckner v. Erie Electric Motor Co., 182 Pa. 182, 37 Atl. 936; but we are inclined to accept the statement of the author first above cited as embodying our view of the law to be here applied, as follows:

"In an action by a parent to recover damages for an injury to a child, he may recover the expenses incurred for medical attendance, medicine, nursing, and in fact all expenses which have been sustained as a result of the injury. And in this connection the rule seems to be that a father may recover compensation for his own, or his wife's services in nursing an injured child. So evidence of the value of the services of the plaintiff's wife in attending to an injured child is admissible." Joyce on Damages, supra.

Apparently a husband is still entitled to the services of his wife in his household, and, in the absence of any different agreement or understanding, is entitled to recover for her services rendered to a third person outside of and beyond the household duties. Birkbeck v. Ackroyd, 74 N. Y. 356, 30 Am. Rep. 304; Blaechinska v. Howard Mission, etc., 130 N. Y. 497, 29 N. E. 755, 15 L. R. A. 215. He is entitled to recover the value of his own services necessarily rendered in the care of his injured infant child from the party negligently causing the injury. Barnes v. Keene, 132 N. Y. 13, 29 N. E. 1090. There would seem to be equal reason in support of plaintiff's right to recover for like services of his wife; he being personally entitled to such services to the same extent as he is to his own.

It appears that the jury awarded for loss of services of plaintiff's son and for plaintiff's services in nursing the latter at least the sum of $1,070.95. We think that the proof in the case does not warrant a recovery on account of these two items to that amount, and that this amount should be reduced by $500. The claim of $25 for destruction of plaintiff's watch, which his son was carrying at the time of the latter's injury, is clearly not within the pleadings, and the allowance of that amount by the jury was error. Schmitt v. Dry Dock, etc., R. R. Co., 3 N. Y. St. Rep. 257.

Judgment and order should be reversed, and new trial granted, with costs to appellant to abide event, unless plaintiff within 20 days stipu-

lates to reduce the verdict to the sum of $3,893, as of the date of rendition thereof, in which event the judgment should be modified accordingly, and, as so modified, should with the order be affirmed, without costs. All concur, except WILLIAMS, J., who dissents and votes for reversal absolutely.