EMILY E. FELKER

*vs.*

BANGOR RAILWAY AND ELECTRIC COMPANY.

Penobscot.    Opinion October 14, 1914.

*Collision.    Damages.    Expenses in Caring for Wife.    Loss of Ability to do Domestic Labor.    Medical Attendance.    Negligence.*

1.  A married woman who is living with her husband is not entitled, in an action to recover for personal injuries, to recover for loss of ability to do domestic labor in their home.
2.  A married woman, who is living with her husband, is not entitled, in an action to recover for personal injuries, to recover for the expenses for medical and surgical treatment, unless she has herself paid, or has expressly undertaken to be personally responsible, for them.
3.  A married woman, living with her husband or not, is entitled, in an action to recover for personal injuries, to recover for the loss of her health and strength, and for all of her suffering, mental and physical.
4.  When it appears that the jury have discharged their duty with fidelity and have reached a reasonable approximation of the damages, the court will not interfere, even though the verdict seems to them somewhat large.

On motion by defendant for new trial.    Motion overruled.

This is an action on the case to recover damages for personal injuries sustained in a collision between the carriage in which the plaintiff was riding and the electric car of the defendant.  The defendant plead the general issue.  The jury returned a verdict for the plaintiff of $1200.  The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*D. I. Gould*, for plaintiff.

*E. C. Ryder*, for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SAVAGE, C. J.   Case to recover for injuries sustained in a collision between the carriage in which the plaintiff was riding and the electric car of the defendant company.   The plaintiff obtained a verdict for twelve hundred dollars.   The case comes up on the defendant's motion for a new trial on the usual grounds.   But counsel have argued only the question of damages, and to that question we shall confine ourselves.

The plaintiff is a married woman, and at the time of the accident was about 71 years of age, and in ordinarily good health for a woman of her age.   The carriage in which she was riding was overturned and she was thrown violently upon the ground, between the railroad tracks.   The evidence would warrant a jury in finding that she sustained a severe nervous shock, that two of her ribs were broken, and that she was considerably bruised about her back and other parts of her body, that in consequence of her injuries she suffered great pain for several weeks on account of the irritation caused by the pricking ends of the fractured ribs, that she suffered also in other ways; that it was necessary in order to ease her pain to turn her in bed and give her a rubbing half a dozen times a night, that she was unable to sleep well nights, that as a result of the shock a serious nervous condition was developed, from which she had not fully recovered at the time of the trial, fourteen months after the injury.   Her attending physician, in testifying, spoke of this condition as "this horrible state of the nervous system," and the jury might find that, although the fractured ribs united well in a few weeks, she suffered even up to the trial from pain and lameness in her right side, and was unable to do any work of any consequence.

It appears that while confined to her bed in consequence of her injuries, the plaintiff had an attack, but not a severe one, of hypostatic pneumonia, which is a phase of pneumonia incident to old age. It is not claimed that the pneumonia was caused by her physical injuries.   Whether she was more susceptible to it by reason of her condition, does not clearly appear. .

Being a married woman and living with her husband, the plaintiff is not entitled to recover for loss of ability to do domestic labor in their home, nor for the expenses in caring for her, surgically and

otherwise.  Under the marital relation, the labor in the house belonged to her husband.  Her inability to perform that labor is his loss.  And on the other hand, as the law imposes on him the duty of caring for her in sickness as well as in health, the burden of the expenses for medical and surgical treatment and for nursing falls upon him and not upon her, unless she has expressly undertaken to be personally responsible for them.

But the plaintiff may recover for the undoubted shock of the accident, and for all the sufferings, mental and physical, which it caused.  The loss of health and strength was her personal loss, irrespective of its effect upon her ability to labor.  For the endurance of the nervous condition caused by her injuries she is entitled to compensation.  Such suffering may be both mental and physical.

There is no standard by which the damages for such injuries as are shown in this case can be measured.  In the end the question must be left to the sound sense and good judgment of the jury, to award such damages as seem to them to be fairly compensatory.  And when it appears that the jury have discharged their duty with fidelity, and have reached a reasonable approximation of the damages, the court will not interfere, even though the verdict should seem to them somewhat large.  When the verdict is within the bounds of reason, the court will not institute a paring process to make it conform more exactly to their own views.  Such is this case.

*Motion overruled.*