KENNETH P. MORAN, By Next Friend, *vs.* GEORGE W. SMITH.

MAURICE S. MORAN *vs.* GEORGE W. SMITH.

Knox.    Opinion September 13, 1915.

*Automobile.    Contributory Negligence.    Damages.    Negligence.*
*"The Last Clear Chance."*

A boy eight years of age saw an automobile approaching on the street, not more than 40 or 50 feet away, and then attempted to run across the street in front of it. He either ran against the automobile or was struck by it. *Held:*

1.  That he was guilty of contributory negligence.

2.  When one negligently runs upon or injures another who has negligently put himself into a dangerous situation, he is liable for his subsequent and independent negligence. But this rule does not apply when the injured party's negligence is progressive and actively continues up to the point of collision.

On motions by defendant for new trial. Motions sustained.

These two cases, one by father and one by minor son, are brought to recover for injuries received by reason of a collision between the defendant's automobile, driven by him, and Kenneth P. Moran. Plea, the general issue. The jury returned a verdict for plaintiff in both cases. Defendant filed motions for new trial in both cases.

The case is stated in the opinion.

*M. A. Johnson,* for plaintiffs.

*A. S. Littlefield,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J. The plaintiff in the first action, a boy eight years old, seeks to recover damages for injuries occasioned by being run against and thrown down by an automobile negligently driven by the defendant. The other action is brought by the boy's father to recover for alleged loss of services, and expenses of nursing. In each case the plaintiff recovered a verdict. And the cases are before us on defendant's motions for new trials.

The collision occurred on Limerock street in Rockland, between Broad and Lincoln streets. These streets intersect Limerock street at right angles, and are seventy feet apart. Limerock street is about fifty feet wide between street lines, and thirty-six feet between gutters. The boy plaintiff, with two other boys, was riding in a hayrack, going westerly on Limerock street. The hayrack was on the right hand side of the street. One of the boys got off somewhere between Lincoln and Broad streets, and ran across the street to the opposite sidewalk. The plaintiff followed from the rack, and started to run across the street. Meanwhile the defendant drove his car along Broad street and turned easterly into Limerock street, facing the boys. The boy on the sidewalk saw the car and shouted to the plaintiff. The plaintiff saw the car, stopped, and then started to run again, and endeavored to cross the street in front of the car.

He claims that in doing so he got nearly by and was struck by the right hand mud guard and thrown down. The defendant claims that the boy ran against the left hand mud guard. And it is certain that the great weight of disinterested testimony sustains this claim.

It is claimed that the defendant was negligent in that he did not blow his horn before he turned the corner, that he was driving too fast, considering the circumstances, and that he did not stop as quickly as he might when he saw the boy attempting to cross. In passing, we will say as to the first point, that it is immaterial in this case whether the horn was blown or not, because the plaintiff saw the car in season to stop. In fact he did stop. As to the other features of alleged negligence, it is unnecessary to discuss them, for we think the plaintiff was guilty of contributory negligence. Whether he was hit by one mud guard as he claims, or ran against the other, he was trying to run across in front of an approaching car, which could have been only a few feet away, when he started the second time. It was a childish impulse, no doubt, to follow his playfellow. But the danger was so obvious and so immediate that even a child of his years should have known better. Children even of his age are held to the exercise of some care. They cannot be absolutely careless, and then hold others responsible to them for the results to which their carelessness contributed. *Colomb* v. *Portland & Brunswick St. Ry.,* 100 Maine, 418.

The plaintiff contends that even if he was negligent, the defendant nevertheless is liable because he might, after he saw the plaintiff, by the exercise of reasonable care, have stopped his car and avoided the collision. This is the so called "last clear chance" doctrine. The doctrine is recognized in this state. But this case does not fall within its limits. That doctrine, speaking in a broad way, applies when one negligently gets himself into a dangerous situation, or a trap, as it were, from which he cannot extricate himself, and being there another negligently runs upon, collides with, or in some other manner injures him. It does not apply when, as in this case, the injured party's negligence is progressive and actively continues up to the point of collision. In such case the negligence of the other party is not subsequent to and independent of the injured party's contributory negligence. It is contemporaneous with it to the last instant. It operates to produce the result in connection with the

other negligence, and not independently of it. *Butler* v. *R. T. & C. St. Ry.* 99 Maine, 149. In this case, the plaintiff could have stopped at any moment. By stopping he would have avoided the collision. He continued. His negligence continued.

It is clear that the verdict of the jury was not warranted by the evidence, under the rules of law. The father's case falls with the other. The certificate in each case will be,

*Motion for a new trial sustained.*