ADELARD LEVESQUE *vs.* JUSTINE DUMONT, et al.

Androscoggin.    Opinion January 30, 1917.

*Negligence of Children.    Rule as to reasonable care on part of Children.*

Plaintiff's intestate, a boy of nine years and two months, was struck by the defendant's automobile sustaining injuries that rendered him unconscious, in which condition he remained until his death. The jury returned a verdict in favor of the plaintiff for $500 and the case is before the Court on motion and exceptions filed by the defendant.

As defendant's automobile was going down on the right hand side of Lisbon Street in Lewiston, on the fifth day of November, at about five o'clock in the afternoon, it had occasion to pass between a team standing by the curb and a large covered wagon coming up street on the car tracks. The injured boy, in response to a call from a playmate, started to cross from the left to the right hand sidewalk. Street lights and the machine lights were lighted and the automobile was going about eight miles per hour. When the front of the automobile was nearly abreast of the rear of the covered wagon the boy appeared suddenly about four feet ahead of the automobile, coming from behind the covered wagon. Despite the efforts of the driver of the machine, the boy was struck by the car.

*Held:*

1.  At the time of the accident the plaintiff's intestate was not in the exercise of such care as ordinarily prudent boys of his age and intelligence are accustomed to exercise under like circumstances and by reason of such negligence the plaintiff is not entitled to recover, there being no opportunity for the driver of the car to avoid the accident after the deceased came in sight.

Action on the case to recover damages for death of the plaintiff's intestate..on account of alleged negligence on part of defendants. Action brought under R. S., 1903, Chap. 89, Secs. 9 and 10. Defendants pleaded general issue and also filed brief statement. Verdict for plaintiff in the sum of five hundred dollars. Defendant filed motion for new trial and also exceptions to certain rulings of presiding Justice. Motion sustained. New trial granted. Exceptions not considered.

Case stated in opinion.

*Jacob H. Berman, and Benjamin L. Berman,* for plaintiff.

*McGillicuddy & Morey,* for defendants.

SITTING: CORNISH, KING, BIRD, HALEY, PHILBROOK, MADIGAN, JJ.

MADIGAN, J. Plaintiff's intestate, a child of nine years and two months, was struck by the defendant's automobile, a Ford truck, sustaining injuries that rendered him unconscious, in which condition he remained until his death.

The accident happened on the fifth day of November on Lisbon street in the city of Lewiston. Standing at the curb on the right hand side of the street was a team, and coming up the street on the car tracks of the street railroad was a large covered truck wagon. From curb to curb the street was about forty-five feet wide. Going down the street the automobile came to the teams when they were about opposite each other and passed ·between them. There were no other automobiles or teams on this portion of the street at the time. Street lights and the automobile lights were lighted. It had been raining and the street was wet. The driver sounded his horn at the crossing next above, and was going at about eight miles an hour as he came to the team and the covered wagon. Deceased was on the left side of the street, when one of his mates called for him to come over and play. When the automobile had reached the tail of the covered wagon the deceased came from behind the covered wagon directly in front of the automobile and about four feet ahead of it. Some witnesses say he was "running," some "most running." He hesitated and started to turn back, surprised and confused. Despite the driver's efforts to avoid hitting the boy he was struck by the right mud guard or wheel. This is substantially the story as told by the disinterested witnesses in the best position to see.

Under these circumstances it does not seem negligence for the driver of the car not to sound his horn in passing the wagon. The automobile was plainly visible for a good distance before reaching the teams and there were few people on the street. The police regulations of all municipalities not only discourage, but prohibit, unnecessary noises by automobiles, and the driver would not be led to suspect the appearance of a pedestrian directly in front of his machine.

We are satisfied from a careful examination of the evidence that plaintiff's intestate at the time of the accident was not in the exercise of such care as ordinarily careful boys of his age and intelligence are accustomed to exercise under like circumstances. He started to cross a public city street frequented by teams and automobiles. Had he looked up the street he must have seen the car approaching and had he been attentive he must have seen the lights projecting their rays by the rear of the team in season to have avoided his peril. Heedlessly he passed right in the path of the car, so near to it that the accident could not be avoided.

In *Moran* v. *Smith*, 114 Maine, 55, the court says of a child younger than the deceased in this case. "Children even of the age of eight are held to the exercise of some care. They cannot be absolutely careless, and then hold others responsible to them for the results to which their carelessness contributed."

In *Colomb* v. *Portland & Brunswick Street Railway*, 100 Maine, 418, a child ten years and seven months old was run over by a street car while attempting to cross the track, the court held "either she did not look to see if a car was approaching or that if she looked she must have seen the car, and her act would hardly be regarded otherwise than a result of a sudden unthinking impulse, or of reckless daring, and that she clearly failed to use that care which a child of her intelligence should use, and consequently her contributory negligence was a bar to her recovery.

To the same general effect is a long line of cases from other States.

Therefore, we hold, that the action of the deceased in heedlessly running in front of the automobile is a bar to recovery.

Under this view of the case it is unnecessary to pass upon the defendant's exceptions.

*Motion for new trial sustained.*