GEORGE A. COLLINS *vs.* AUSTIN N. WELLMAN.

Cumberland.　Opinion August 12, 1930.

*William B. Mahoney,*
*Richard E. Harvey,*
*Theodore Gonya,* for plaintiff.
*Verrill, Hale, Booth & Ives,*
*Brooks Whitehouse,* for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farrington, JJ. Philbrook, A. R. J.

Dunn, J. In this action, under subrogation provisions of the the Workmen's Compensation Law, to recover damages for personal injuries caused by an automobile collision, counsel for the defendant, at the close of evidence for the plaintiff, without offering any evidence for the defendant, rested and moved the direction of verdict for the latter.

The motion was granted, and an exception allowed plaintiff.

A verdict should not be ordered by the trial court when, giving the party having the burden of proof the most favorable view of his facts and of every justifiable inference, different conclusions may fairly be drawn from the evidence by different minds. *Young v. Chandler*, 102 Me., 251.

On study of the record, this court concludes that it was for the jury to say whether the defendant had been negligent, and also whether the plaintiff had been free from any act, or omission, constituting negligence proximately contributing to the injury that ensued.

Conclusion results in sustaining the exception. Only one side of the case having as yet been heard, it seems best not to state or discuss the facts.

*Exceptions sustained.*