DOROTHY A. FARRELL, PRO AMI *vs.* ALEXANDER HIDISH.

JOHN B. FARRELL *vs.* ALEXANDER HIDISH.

Cumberland.      Opinion May 1, 1933.

58

*Frederic J. Laughlin*, for plaintiffs.
*Theodore Gonya*,
*Henry C. Sullivan*,
*Nunzi Napolitano*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.   Motion and exceptions by plaintiffs. These actions were brought on behalf of a child three and one-half years of age to recover damages for injuries sustained by her when struck by a motorcycle operated by defendant, and by her father for expenses incurred in her behalf.

While the child was walking on a public way sixteen feet wide, within two or three feet of the sidewalk, defendant entered the street at a point about one hundred feet distant and proceeded on his way directly toward the little girl, making no effort to avoid striking her. It was broad daylight. There was no obstruction between them. The space between the child and the opposite sidewalk was thirteen feet in width. It is almost incredible that, in view of these facts, he failed to avoid coming in contact with her. The only excuse he gave for his conduct was that he did not see her. Such a statement is an admission of negligence and we have no doubt but that the jury reached a correct conclusion on this point. The child's age eliminated the defense of contributory negligence.

The verdicts must have been predicated on the theory, strongly urged by the defense, that the mother who permitted the child to go upon the street was guilty of negligence in so doing, and that her negligence imputed to the child excused that of the defendant.

The evidence furnishes no basis for such a conclusion. The mere fact that children of tender years are allowed to walk along a public way is not, of itself, sufficient proof of negligence on the part of

those entrusted with their care. "Small children have a right to light, air and exercise and the children of the poor can not be constantly watched by their parents." 1 Thompson on Negligence, 306. "No hard and fast rules as to the care of children can be laid down and the financial condition of the family and other cares devolving upon the parents are always to be considered." *Grant* v. *B. R. & E. Co.*, 109 Me., 133, 83 A., 121, 123.

The Farrell family consisted of a father, mother and five children. They occupied a second floor tenement so located that the street furnished the sole opportunity for out-door exercise by the children. Their means were limited. They employed no servants. The mother, engaged in her household duties, permitted the child to leave the house accompanied by her sister ten years of age. The children had been absent only about ten minutes when Dorothy was struck by the motorcycle.

To hold that on these facts the mother failed to exercise the degree of care required of her would be to place an unreasonable burden on the parents of children living in the tenement districts of cities and industrial towns.

Assuming that proper instructions were given by the presiding Justice on this phase of the case, the jury must have misinterpreted or disregarded them or failed to appreciate the evidential force of the conceded facts. The verdicts are manifestly wrong. The exceptions need not be considered.

*Motions sustained.*