CLARA BLANCHETTE, ADMRX.
ESTATE OF PAULINE BLANCHETTE

*vs.*

CLIFTON MILES.

York.    Opinion, July 21, 1942.

*Louis B. Lausier*, for the plaintiff.

*Armstrong & Spill*,

*N. B. & T. B. Walker*, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

HUDSON, J. On exceptions to acceptance of referees' report. This action is brought under Sections 9 and 10 of Chap. 101, R. S. 1930, as amended, known as the Death-Liability or Lord Campbell's Act.

Justifiably findable facts by the referees were: On the evening of September 29, 1939, Pauline Blanchette, aged 12, was run over and killed by the defendant's automobile, he then operating the same. She had just alighted from a passenger bus which had stopped opposite the entrance to the Webber Hospital in the city of Biddeford and passed hurriedly in front of the bus to go across the street into the hospital. As she emerged from in front of the bus, the defendant's car which had been following it swung to the left to pass and in doing so hit the child and dragged her from 75 to 100 feet before stopping. The defendant knew the bus had stopped and that passengers were to alight. He was driving from 20 to 25 miles per hour and did not see Pauline at all. He did not know whether his lights

were on or not. Those of the bus were on, inside if not outside. As to whether she stopped to look up and down the street before she entered the lane where she was hit, no witness testified.

The defense contends that the defendant was not negligent but that the child was guilty of contributory negligence.

"In cases referred under Rule of Court under Rule XLII of the Superior and Supreme Courts, questions of fact once settled by Referees, if their findings are supported by any evidence of probative value, are finally decided and exceptions do not lie. They and they alone are the sole judges of the credibility of witnesses and the weight to be given their testimony, and their decision upon conflicting testimony is final." *Hincks Coal Co.* v. *Milan and Toole,* 135 Me., 203, 206, 193 A., 243, 245.

The defendant was bound to exercise due care commensurate with the danger to be avoided. With knowledge that the bus had stopped to land passengers, due care required that he anticipate that a passenger, having alighted, might pass to the other side of the road. The referees could have found that the defendant was oblivious to and disregardful of his duty. *Day* v. *Cunningham,* 125 Me., 328, 331, 133 A., 855, 47 A. L. R., 1229. There was ample testimony to support the finding of negligence upon the part of the defendant.

As to the claim of the child's guilt of contributory negligence, she is presumed under Sec. 50 of Chap. 96, R. S. 1930, page 1338 "to have been in the exercise of due care at the time of all acts in any way related" to her death. "She was not bound to anticipate the coming of an unlighted car at a rate of speed illegal even for a car with headlights burning." *Shaw* v. *Bolton,* 122 Me., 232, 235, 119 A., 801, 803. Pauline was only a child and was bound to exercise only that degree "of care which ordinarily prudent children of her age and intelligence are accustomed to use under like circumstnaces." *Colomb* v. *Street*

*Railway,* 100 Me., 418, 420, 61 A., 898, 899. The record does not reveal sufficient testimony to overcome the presumption.

The defendant filed a request for specific findings of facts by the referees. Findings of facts were found and stated by them, but it is claimed that all facts requested were not found and stated. It is insisted that this constitutes exceptionable error, but even if all facts requested were not found and stated, we do not think there is such error. In *Mitchell* v. *Mitchell,* 136 Me., 406, 423, 11 A. (2d), 898, it was held that a presiding Justice sitting without a jury is not required to make special findings of fact. Also, "No exception lies to the refusal to find a fact as requested." *People's Savings Bank* v. *Franklin R. Chesley,* 138 Me., 353, 26 A. (2d), 632, 636. While the *Mitchell* and *Chesley* cases related to hearings by a presiding Justice and this is a hearing by referees, we see no good reason for distinction requiring nonapplication of this principle. There being no legal duty to find the requested facts, the referees committed no wrong in failing to do so, if they did so fail, to which exceptions would lie.

This is not a case where the referees did not pass on "material matters in issue" where "the losing party has a legitimate grievance that may be remedied by bill of exceptions." See *Kennebec Housing Co.* v. *Barton,* 122 Me., 374, 377, 120 A., 56, 57.

Defendant also contends that the statement in the referees' report that the child was 11 years old when it had been stated and stipulated in the record that she was 12 constitutes exceptionable error. No benefit is obtained by an exceptant unless he sets forth in his bill of exceptions enough to enable the Court to determine that the point raised is both erroneous and prejudicial. The aggrievance must be shown affirmatively. It cannot be left to inference. *Bryne* v. *Bryne et al.,* 135 Me., 330, 331, 332, 196 A., 402. This record does not disclose the date of the birth of the child. The difference between Pauline's eleventh and twelfth year so far as this record shows

might have been only a matter of hours or even minutes, in which case it would be extremely improbable that it would have affected the degree of care chargeable to the child.

The remaining objection relates to the damages assessed in the sum of $1,000. It is claimed this amount is excessive. The pertinent statute (Chap. 252, P. L. 1939) provides:

"The jury may give such damages as they shall deem a fair and just compensation, not exceeding $10,000, with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought, and in addition thereto, shall give such damages as will compensate the estate of such deceased person for the reasonable expense of medical, surgical and hospital care and treatment, provided, that such action shall be commenced within 2 years after the death of such person."

Originally damages were limited by statute to the pecuniary effect of the death upon the beneficiaries. *McKay* v. *Dredging Co.*, 92 Me., 454, 458, 43 A., 29, and they now are except as to the expenses for which specific provision is made in the above amendment. As to the pecuniary damages to the beneficiaries, it is stated in the *McKay* case on pages 459 and 460 of 92 Me., on page 30 of 43 A.:

"The circumstances of the deceased and the beneficiaries are to be ascertained. The legal, family or other ties are to be considered. The age, capacity, health, means, occupation, temperament, habits and disposition of the deceased and of the beneficiaries are material to be known. . . . They would be subject, however, to acceleration, retardation, interruption and even extinction by other circumstances which may possibly, or probably, or even surely occur after the death. These inevitable, probable, and even possible subsequent circumstances are therefore to be looked for and considered. Whatever result is arrived at must be reached from a careful balancing of the various probabilities."

Thus, much is left to the sound judgment of the assessor of damages. As stated in the *McKay* case, supra, they relate to the future, and as to them there can be no exact knowledge except as to "medical, surgical and hospital care and treatment." The statute makes the jury the judges of the amount of damages. Here the referees had jury powers in this respect. It has not been made to appear that there was not "any evidence of probative value" to support their assessment of damages.

*Exceptions overruled.*