ALLEN ROSS *vs.* CARLL RUSSELL.

JEAN ROSS PRO AMI *vs.* CARLL RUSSELL.

Cumberland.    Opinion, July 13, 1946.

*Wilfred A. Hay,* for plaintiffs.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MURCHIE, TOMPKINS, FELLOWS, JJ.

THAXTER, J.   We are concerned here with two actions, one by a minor child of the age of eight years brought by her father as next friend to recover for personal injuries, the other brought by the father to recover for medical expenses. In each case at the close of the evidence the presiding justice on the defendant's motion directed a verdict for the defendant. The cases are now before us on exceptions to these rulings.

The only question before us is whether, giving to each plaintiff the most favorable view of the facts and of every justifiable inference to be drawn therefrom, the jury might have been warranted in finding for the plaintiff. If so, the ruling below was error. *Collins* v. *Wellman,* 129 Me., 263, 151 A., 422; *Drummond* v. *Pillsbury,* 130 Me., 406, 156 A., 806. The jury could have found the following facts.

The minor plaintiff of the age of eight years was proceeding on foot with her brother of the age of nine and a half years on the sidewalk of Stanford Street in South Portland, which runs approximately north and south and intersects Broadway which runs from the shipyard in a westerly direction to Sawyer Street. Both streets at this point are nearly level, and Broadway is straight at least as far as Sawyer Street, which is slightly more than four hundred feet away. It was also possible to see a considerable distance beyond Stanford Street in an easterly direction. The children were proceeding southerly on Stanford Street preparing to cross Broadway to the southerly side. It was shortly after three o'clock in the afternoon of November 23, 1943, admittedly a misty, wet day, and the road was slippery. Broadway is a hard surfaced street capable of carrying four lanes of traffic, two moving west and two east. Workmen were leaving the shipyard and there was very heavy traffic on the northerly half of Broadway. At the time of the accident this traffic, composed of two lanes headed west, was halted by a traffic policeman at Sawyer Street. The cars were almost bumper to bumper and extended easterly beyond Stanford Street. The defendant, driving his automobile easterly on Broadway, was headed for the shipyard where he was employed, and was travelling on the southerly side of the road in the lane nearest the middle. In fact the testimony shows that he was only from two to three feet from the line of cars headed in the opposite direction. His view northerly on Stanford Street was obstructed so that he was unable to see pedestrians about to cross Broadway at that point. At the time of the accident he was travelling, according to his testimony and the testimony of two others who were in the car with him, at from ten to fifteen miles an hour and he said he stopped within a foot. According to the occupant of one of the waiting cars headed in the other direction who saw the accident, his speed was far in excess of that, between thirty and thirty-five miles per hour, and the bill of exceptions concedes that the plaintiff's evidence tends to show such a rate of speed. The little girl stepped between two cars which

were stopped in the northerly side of the street in the lane of traffic nearest the middle, took two or three steps southerly of the middle line of the road, and, apparently seeing the defendant's car coming, tried to get back into a position of safety near the waiting line of cars. She was too late and was struck apparently by the left fender of the defendant's car. He did not even see her. He testified that he was conscious of a bump or what he called a "flash." Robert D. LaLanne, who seems to be the only person who actually saw all that happened, testified that the little girl passed through the line of stalled traffic one car ahead of him, took two or three steps into the other side of the highway and then tried to get back, was rolled by the defendant's car over the road alongside of the car of the witness and stopped about two and a half car lengths in back of him, a distance of forty or forty-five feet from where she was hit.

It seems to be conceded that there was sufficient evidence of the defendant's negligence to go to the jury. The question is whether or not on these facts, which the jury would have been justified in finding, we are compelled to rule as a matter of law that the child was contributorily negligent.

It is well settled that a child of tender years is not bound to exercise the same degree of care as an adult but only that degree "of care which ordinarily prudent children of her age and intelligence are accustomed to use under like circumstances." *Colomb* v. *Portland & Brunswick Street Railway*, 100 Me., 418, 420, 61 A., 898, 899; *Blanchette* v. *Miles*, 139 Me., 70, 27 A., 2d, 396. No hard and fast rule can be laid down as to the care required of children. It is a question of the facts of each particular case. *Farrell pro ami* v. *Hidish*, 132 Me., 57, 165 A., 903. In *Brown* v. *European & North American Railway*, 58 Me., 384, a child of nine was held responsible for the degree "of care and prudence proportionate to his age." In commenting on this case, and on the case of a child three years and ten months old which is held incapable as a matter of law of exercising care, this Court said in *Grant* v. *Bangor Railway & Electric Co.*, 109 Me., 133, 138, 83

A., 121, 123, "Between these two extremes lies a zone with shadowy and indefinite boundaries." The inference is that within that zone the question is one of fact for the jury. Furthermore, we must consider the rule, and it is particularly applicable in the case of a child, that, "A pedestrian about to cross a road, or as in the present case, to walk from a street car to the sidewalk, is not as a matter of law bound to look and listen." *Day* v. *Cunningham,* 125 Me., 328, 331, 133 A., 855, 856, 47 A. L. R., 1229; *Shaw* v. *Bolton,* 122 Me., 232, 119 A., 801; *Hall* v. *West End Street Railway Co.,* 168 Mass., 461, 47 N. E., 124.

This is not a case of a child darting out into the street directly into the path of a car. We have had in the past a number of such cases not only of children, but of adults, who have stepped suddenly from behind a line of cars into the path of a moving automobile. The issue in those cases has been, not one so much of contributory negligence, but of whether the act of the pedestrian may not have been the sole proximate cause of the accident. *Levesque* v. *Dumont,* 116 Me., 25, 99 A., 719; *Milligan* v. *Weare,* 139 Me., 199, 28 A., 2d, 463.

There is one other consideration. Whether or not a pedestrian in crossing a street may be guilty of negligence depends in part at least on the extent to which he may rely on the fact that approaching vehicles will be lawfully and carefully driven. He is not negligent as a matter of law because he fails to anticipate negligence on the part of the driver of a car. *Day* v. *Cunningham,* supra, 333. For this reason the ordinary rule is that in such cases contributory negligence is a question for the jury.

Applying these principles of law to the facts of this case, we feel that the question of this child's contributory negligence should have been submitted to the jury. In view of her age and capacity, to what extent was she capable of exercising care? Should she have anticipated that an automobile would be driven so close to the line of waiting cars and at a rate of thirty-five miles per hour that it would be unsafe for her to pass through them and take two or three steps beyond to view the road to see if

she could safely cross? Was it necessary before stepping into the southerly part of the highway that she peek cautiously around the back end of the car ahead of her before she could step over the middle line? Could she not place some reliance on the fact that the speed of any car coming east in that lane would be reasonable in view of the conditions? Knowing that the southerly half of that road was, as a glance would indicate, so clear of traffic that the driver of an approaching car had plenty of room to turn away from her toward the edge of the road, was she not justified in expecting him to do so? Or must she anticipate that he would not even see her?

Our opinion is that these were clearly cases for the jury and that the ruling of the presiding justice in directing verdicts for the defendant was error.

*Exceptions sustained.*