Rockingham,
Oct. 5, 1948. } No. 3727.

### DOROTHY L. DAVIS *v.* PATRICIA LORD.

*Varney & Fuller (Mr. Fuller* orally), for the plaintiff.

*Devine & Millimet (Mr. Millimet* orally), for the defendant.

DUNCAN, J. The plaintiff's right to recover is admittedly controlled by the law of Maine, which is not understood to differ materially from our own, except that the plaintiff there has the burden of establishing his own care. In our opinion a verdict was properly directed for the defendant because there was no evidence upon which the plaintiff could reasonably be found free from fault. The evidence relied upon to establish the defendant's negligence was of questionable sufficiency; but the evidence of the plaintiff's due care was in some ways even less impressive.

There is no dispute that visibility was extremely poor. There can be no doubt that the lights of the defendant's automobile, which were of average power, were more readily visible to the plaintiff, from a

greater distance, than was the plaintiff to the defendant. The plaintiff stepped onto the highway, appreciating the difficulty of accurate perception, and realizing that there were lights upon the bridge within one hundred feet of her. There is no evidence that she looked a second time, or gave any consideration to whether the lights were stationary, or upon an automobile traveling in the lane which she proposed to enter. Actually, anything more than fleeting observation would have sufficed to disclose the approach of the defendant's automobile, which could not have been as much as a hundred feet away. The plaintiff's conclusion that the lights were so far away that they were "nothing to worry" her could not reasonably be found an excusable error of judgment. Cf. *MacKelvie* v. *Rice*, 92 N. H. 465, 467, and cases cited. She was aware of the conditions calling for caution, and appreciated the proximity of the defendant's lights. Under these circumstances, disclosed by her own testimony, due care would not have permitted the prompt conclusion that there was no cause for concern. In *Milligan* v. *Weare*, 139 Me. 199, 201, the Maine court held similar conduct, described as the sudden emergence "from a position of safety but of obscurity . . . directly in the path of an approaching automobile," to be negligent as a matter of law. It and other decisions of that court leave little doubt that the conduct of the plaintiff in this case was such as to bar her recovery. *Cooper & Company* v. *Can Company*, 130 Me. 76; *Levesque* v. *Dumont*, 116 Me. 25; *Moran* v. *Smith*, 114 Me. 55.

While the issue with respect to the defendant's negligence need not be determined, it may fairly be said that the evidence furnished little basis for a finding for the plaintiff. If any was presented, it lay in the circumstance that the defendant failed to see the plaintiff. Yet the latter stepped into the roadway from behind a girder, at a point where the defendant had no reason to anticipate her approach. See *Green* v. *Bond*, 93 N. H. 144, 146. Under prevailing conditions, her attire was unlikely to attract attention. She was unseen by other occupants of the automobile. A determination of whether she entered the limited range of the defendant's lights at a point where the defendant should have seen her, and whether time then remained for the defendant to take saving action, would verge upon speculation, if it did not require it. See *Grealish* v. *Odell*, 89 N. H. 130; *Bolduc* v. *Stein*, 94 N. H. 89; *Miller* v. *Daniels*, 86 N. H. 193, 196. The motion for a directed verdict was properly granted.

*Exception overruled.*

All concurred.