SHERYL-LOU JOHNSON, PRO AMI
*vs.*
KENNETH RHUDA

AND

THEODORE G. JOHNSON
*vs.*
KENNETH RHUDA

Cumberland.   Opinion, September 28, 1960.

*Bernstein & Bernstein,* for plaintiff.

*Mahoney, Desmond & Mahoney,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J.   These two cases, tried together by agreement, arose out of an automobile accident occurring on the highway known as Windham Hill Road in Windham, Maine, on September 27, 1957, at about 7:45 a.m.

The plaintiff, Sheryl-Lou Johnson, brought suit to recover damages for personal injuries.  At the time of the accident she was 11 years and 10 months of age.  The other plaintiff, Theodore G. Johnson, is her father, and his action was for the recovery of expenses incurred in the treatment of his daughter.

The jury awarded $12,500.00 to Sheryl-Lou Johnson, and $3,000.00 to Theodore G. Johnson.

The cases are before us on defendant's general motion for a new trial on the usual grounds that the verdicts are against the evidence and also because the damages are excessive; and on exceptions of the defendant to a certain portion of the charge of the presiding justice.

The Windham Hill Road is a black top road, so-called, and the traveled portion of the highway is sixteen feet in width. There are graveled shoulders on both sides about two and one-half feet wide. The road runs according to the compass about northwesterly and southeasterly, but for purposes of this opinion the road will be described as running in a general easterly and westerly direction.

It appears that on the morning in question, the defendant was operating an automobile in an easterly direction on the Windham Hill Road and traveling to his place of employment in Portland, Maine. The minor plaintiff was on her way to attend school. The car in which she was riding as a passenger had reached the point where the accident occurred by traveling in a westerly direction. On the northerly side of the highway is located the Windham High School and on the southerly side of the highway is the Field Allen Grammar School. This was the school attended by Sheryl-Lou Johnson. Some of the other passengers were students at Windham High School. The car in which Sheryl-Lou Johnson was riding was stopped at a point on the northerly side of the highway near two mail boxes and opposite the driveway leading to the Field Allen Grammar School. The car was partly, but not entirely, off the black top. She had been riding as a passenger on the right side of the back seat. After the car came to a stop, she left the car through the right rear door and walked around the rear of the car to its left rear corner. She testified that she looked to the left and then to the right and seeing no vehicles approaching started to cross the highway. When she had reached a point about the center of the highway, she

was struck by the automobile operated by the defendant and very seriously injured.

It is conceded that the conduct of the defendant at the time of the accident presented a question for the jury, but defendant now contends that the plaintiff, Sheryl-Lou Johnson, is estopped from recovery of damages by reason of her contributory negligence.

The first issue for determination, therefore, is whether or not the evidence viewed in the light most favorable to the plaintiff established negligence on the part of the plaintiff, Sheryl-Lou Johnson, which contributed to the happening of the accident, and thus precluded a verdict in her favor.

The only other issue before us is raised by exceptions taken by defendant to the following portion of the charge of the presiding justice:

> "The plaintiff, Mr. Johnson, is further entitled to nursing expenses made necessary by reason of Sheryl-Lou's injuries. Since Mr. Johnson is entitled to his wife's labor in his home, or rendered to the members of his household, if Mrs. Johnson, Sheryl-Lou's mother, and the plaintiff's wife, did actually render nursing services made necessary by Sheryl-Lou's injury, if you should so find, then Mr. Johnson, the Plaintiff, would be entitled to be reimbursed for the necessary nursing services rendered by his wife to Sheryl-Lou to the extent of fair and reasonable value of said services. You have heard testimony as to the extent of nursing services rendered, as to their necessity. It is for you to say whether these nursing services were rendered; whether they were necessary, and what a fair and reasonable value of such services were."

The evidence discloses that the child's mother, a practical nurse, rendered nursing services to her daughter and, manifestly, in the light of the foregoing charge, the verdict returned for the father undoubtedly contained an amount

awarded for these nursing services. It was stipulated that the special damages in the father's case were in the amount of $1455.00. Thus the defendant argues that the balance between that amount and the jury's award was made up substantially, if not entirely, of the value placed by the jury upon these nursing services. Defendant, consequently contends that he was aggrieved by the foregoing instruction.

In both of the plaintiffs' writs the following acts of negligence on the part of the defendant were alleged:

> "Failure to have the vehicle under proper control; operation at excessive rate of speed; violation of Chapter 22, Section 113, subsection II A, R. S. 1954, providing for a speed limit of 15 miles in a school zone; failure on the part of the defendant to observe the plaintiff crossing the road; failure to stop the vehicle in time to avoid striking the plaintiff and failure to change the course of the vehicle to avoid the accident."

As the negligence of the defendant is conceded, it is now incumbent upon us to first give consideration to the issue of contributory negligence. Was Sheryl-Lou Johnson guilty of negligence which contributed to the accident?

It has been frequently decided by this court that children are under an obligation to exercise that degree of care which ordinarily prudent children of their age and experience are accustomed to use under similar circumstances. *Moran* v. *Smith,* 114 Me. 55, 95 A. 272; *Levesque* v. *Dumont,* 116 Me. 25, 99 A. 719; *Day* v. *Cunningham,* 125 Me. 328, 133 A. 855; and *Ross* v. *Russell,* 142 Me. 101, 48 A. (2nd) 403.

In *Ross* v. *Russell, supra,* this court said:

> "It is well settled that a child of tender years is not bound to exercise the same degree of care as an adult but only that degree 'of care which ordinarily prudent children of her age and intelligence are accustomed to use under like circumstances.'

*Colomb v. Portland & Brunswick Street Railway,*
100 Me. 418, 420, 61 A. 898, 899; *Blanchette v.
Miles,* 139 Me. 70, 27 A. 2d. 396. No hard and fast
rule can be laid down as to the care required of
children. It is a question of the facts of each par-
ticular case." *Farrell pro ami* v. *Hidish,* 132 Me.
57, 165 A. 903.

There is no doubt but that Sheryl-Lou Johnson was under
an obligation to use that degree of care which an ordinarily
prudent child of her age would use under the circumstances
existing at the time of the accident. She testified that be-
fore she left her position behind the car in which she had
been riding, she looked in both directions and saw no ve-
hicles approaching; that she then proceeded across the high-
way on her way to the school. When she had reached a
point about half way across the highway she was violently
struck by the automobile operated by the defendant. That
the accident occurred in the middle of the highway was
corroborated by at least one other witness for the plaintiff,
and the brake marks left by defendant's automobile, as indi-
cated by the pictures taken at the scene of the accident, also
substantiate the fact that the accident occurred in the mid-
dle of the highway.

The jury was, therefore, warranted in finding as a fact
that the child had proceeded half way across the highway
before she was struck. The force of the blow and the dis-
tance she was thrown, as well as the length of the brake
marks testify to a rate of speed, on the part of the defend-
ant, much in excess of the fifteen mile limit prescribed by
applicable law.

Defendant, relying on the well known principle that a
person is bound to see what in the exercise of ordinary care,
he should have seen, advances the contention that Sheryl-
Lou Johnson either did not look to her right as she testified,
or if she did look, she should have seen defendant's ap-

proaching automobile. To counter this contention, plaintiffs argue that a dip in the highway might well have hidden defendant's car from the sight of the plaintiff, Sheryl-Lou Johnson, when she looked to her right.

Defendant introduced evidence tending to show that the dip in the highway was not of sufficient depth to prevent the plaintiff from seeing defendant's car if she had looked. Physical evidence appears to be that the deepest part of the dip in the highway was 560 feet from where the accident happened and that, at this point, the dip was only deep enough to leave unobscured a substantial part of the automobile.

If we assume that the only finding which the jury was warranted in arriving at upon this particular issue was, that if the plaintiff, Sheryl-Lou Johnson, looked to her right, she must have seen defendant's vehicle approaching, the issue of contributory negligence is not necessarily conclusively resolved. We held in *Tinker* v. *Trevett,* 155 Me. 426, 156 A. (2nd) 233, that failure of a plaintiff to see an approaching car when vision is unobstructed is not contributory negligence as a matter of law when other factual questions remain for determination. Moreover, in *Ross* v. *Russell,* 142 Me. 101, 48 A. (2nd) 403, this court held that a pedestrian in crossing the street is not negligent as a matter of law because he fails to anticipate negligence on the part of the driver of a car.

> "There is one other consideration. Whether or not a pedestrian in crossing a street may be guilty of negligence depends in part, at least, on the extent to which he may rely on the fact that approaching vehicles will be lawfully and carefully driven. He is not negligent as a matter of law because he fails to anticipate negligence on the part of the driver of a car. *Day* v. *Cunningham.* 125 Me. 328. For

this reason the ordinary rule is that in such cases contributory negligence is a question for the jury." *Ross v. Russell*, 142 Me. 101, 105, 48 A. 2d. 403.

In other words, we are dealing with the rule that one is entitled to assume and believe that the other will obey the law until the contrary is obvious and should be apparent to a person in the exercise of ordinary care.

In the instant case, on the basis of the brake marks and the admission of the defendant as to speed, the jury could reasonably infer that if Sheryl-Lou Johnson had looked she would have seen defendant's car from between 250 and 400 feet away; that she would have been justified in assuming that the defendant would obey the school zone speed law and that she would have at least ten seconds to safely cross before he arrived.

The question of contributory negligence on the part of this plaintiff was one for a jury and its finding is not so clearly wrong as to require disturbance thereof.

Defendant, in support of his position, cites decisions to the effect that where physical evidence is available it must, when it contradicts that of eye witnesses and parties interested in the outcome, control and be decisive. We are in accord with this theory, but it is our conclusion that the physical evidence, particularly the location and length of the brake marks of defendant's car, sustains rather than discredits the plaintiff, Sheryl-Lou Johnson.

In a very recent decision of this court in *Bean* v. *Butler*, 155 Me. 106, 151 A. (2nd) 271, we said:

> "Much law has been written concerning the responsibilities of a motorist where children are concerned. There are many and varied circumstances and conditions under which children of tender years are injured by being struck by motor vehicles. Under some circumstances, like those ob-

taining in *Bernstein v. Carmichael,* 146 Me. 446, there is no liability on the part of the driver."

"There is a line of cases holding the driver is not responsible for injuries to a child when the child suddenly darts out from behind a parked car into the path of an oncoming automobile under circumstances where the driver is unable to see the child until he is in the path of the car or his presence in the street could not be reasonably foreseen. This type of situation has been termed the 'sudden appearance doctrine.'" Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 2A, Sec. 1498.

"Under other circumstances, conditions arise which confront the driver of a car whereby the presence of children creates a responsibility on the part of a motorist to use extreme care and to anticipate that a child might suddenly appear from behind a parked car or other object and into the path of the vehicle. A driver of a motor vehicle, upon observing the presence of a child of tender years near the highway, must alert himself to the possibility that the child may suddenly attempt a crossing of the street and the motorist has the duty to have his car under such control that he can promptly stop it should the child make the attempt to cross. *Hamlin v. N. H. Bragg & Sons,* 128 Me. 358. Where a driver of a motor vehicle is aware of the presence of a child or children near or adjacent to the highway or should reasonably be expected to know that children are in the vicinity, he must exercise reasonable and proper care for their safety. *This situation is aptly illustrated by school children going to and from school.* (Emphasis supplied.) The characteristics of young children are well known and the likelihood of them, without thought on their part, running across a highway in the path of oncoming traffic must reasonably be expected, thus requiring of the motorist a complete control of his vehicle to prevent injury to the child." *Bean* v. *Butler, supra.*

"Where a car is being driven in the immediate vicinity of a schoolhouse, particularly at a time

when the school children are at recess, or when school is being dismissed or taken up, the driver of the car must use special caution for the protection of children in that vicinity; being under a duty to anticipate the presence of children in the street in such a vicinity, and, under these circumstances, it is his duty to bring his car under such control that it can be stopped on the shortest possible notice.

"The driver must be on the lookout for children in the street near a schoolhouse, and the tendency of small children to run across streets, especially at or near schools, must not be ignored.

"The question of whether a motorist was negligent in striking a child on his way to school, and while on the street near the school, is usually one for the jury, in determining which, besides the question of speed, various matters may be considered, as, for instance, the presence of other school children, the wetness or dryness of the street, the obstruction or lack of obstruction of the view, etc." Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 2A Sec. 1500.

It must be remembered that this accident occurred in a school zone where the law provides that the speed limit is fifteen miles per hour. The defendant testified that he had traveled this route many times and was familiar with the fact that it was a school zone. He testified that he saw the car in which Sheryl-Lou Johnson was riding a substantial distance before he reached it. He said that he was going as fast as thirty-five miles an hour as he approached the brow of the hill, a short distance before the point of collision. From all the facts in the case the jury was warranted in finding that perhaps he was traveling at a much greater rate of speed. He said:

"I saw the car that the little girl was in."

He further testified:

"I saw this maroon Ford where it pulled up and it wasn't completely off the road. *I thought the doors were going to open and somebody going to get out.*" (Emphasis supplied.)

He testified that he did not see the little girl until she was on the hood of his car. The jury saw this witness, as well as all the other witnesses, and were in the best position to judge their veracity. Perhaps they were not too favorably impressed by the demeanor and testimony of the defendant, who, for example, contended that he did not have to look at a speedometer to determine the speed of his car. Moreover, although he admitted he did not measure the brake marks left by his car, and although the location and length of the marks were corroborated by photographs taken shortly after the accident, nevertheless, he disagreed, as to their length, with a state trooper who measured the marks and gave testimony thereto.

This is not a case of a child darting out from behind a car into the pathway of an oncoming vehicle. The defendant knew he was in a school zone. He was thoroughly familiar with the locality. He knew, or should have known, that school was about to open. He had seen the automobile in which the plaintiff, Sheryl-Lou Johnson, was a passenger. In fact, he said, he thought somebody was going to get out of the car. He was under a duty to foresee and anticipate the presence of children in the street, and he was under an obligation to have his car under such control that it could be stopped on the shortest possible notice. Had he been on the lookout; had he had his car under proper control; and if he had not violated the speed laws in a school zone, there probably would have been no accident. The jury was warranted in finding that the sole cause of the accident was his negligence.

All in all, we are of the opinion that the issues raised by the evidence were for the determination of the jury. Bearing in mind that a defendant prosecuting a general motion for a new trial has the burden of establishing that the verdict is manifestly wrong, we cannot say that the jury erred in its findings upon the question of liability.

We pass now to consideration of the issue raised by the defendant by his exceptions to the instruction on the part of the presiding justice that the father was entitled to recover the fair and reasonable value of the nursing services rendered by his wife to his minor daughter.

Although this court has held in *Britton* v. *Dube, et al.,* 154 Me. 319, 324; 147 A. (2nd) 452, that a husband is entitled to the fair value of his work as a nurse or in caring for his wife, the issue now before us appears to be one of novel impression. However, it has been resolved in several jurisdictions in favor of the instruction as given.

> "The majority of the relatively few cases involving the point take the view that a parent suing for injuries to his minor child may recover the value of services rendered gratuitously by the other parent or by members of the family, such services being necessitated by the injuries in question.
>
> "Thus, in Acme-Evans Co. v. Schnepf (1938) 105 Ind App 475, 15 NE (2d) 742, an action by a father 'to recover for the expenses of treatment and the loss of services of his minor son,' who was injured through the negligence of defendant's agent, the appellate court, in holding that the trial judge had properly permitted the jury to consider as an element of damages the reasonable value of services gratuitously rendered by plaintiff's wife in nursing the injured son, said: 'If [plaintiff] is fortunate enough to secure the services of his wife in treating the injuries of their minor son, rather than employing one who is not a member of the family and thus obligating himself to pay for such

services, it does not lie in the mouth of the person responsible for the injury to complain.'

"In holding that plaintiff could recover in his present action for injuries to his minor child the reasonable value of nursing services rendered by his wife in caring for the child, the court in Gorman v. New York, C. & St. L. R. Co. (1908) 128 App Div 414, 113 NYS 219, said:

" 'A husband is still entitled to the services of his wife in his household, and in the absence of any different agreement or understanding, is entitled to recover for her services rendered to a third person outside of and beyond the household duties .... He is entitled to recover the value of his own services necessarily rendered in the care of his injured infant child from the party negligently causing the injury .... There would seem to be equal reason in support of plaintiff's right to recover for like services of his wife, he being personally entitled to such services to the same extent as he is to his own.'

" . . . . . . . ; and so we find it adjudged in Selleck v. Janesville (1899) 104 Wis 570, 80 NW 944, in the case of a husband suing for loss of services of his wife caused by personal injuries to her, and where the legal right to recover is analogous to that in the case at bar, that the husband may recover the value of his own services in necessary attendance upon his wife, not, however, exceeding the amount for which he could have employed others to do that work. The same rule must apply to the case of a parent seeking to recover his damages for negligent injury to his infant child. His wife's services are his.'

"And in Martin v. Wood (1889) 23 NYSR 457, an action by a father for injuries to a minor child, the court said: 'The evidence of the value of the services of the wife of the plaintiff in the care of the injured child was properly received. The loss of the plaintiff in that regard was a part of his damage in the matter." 128 A. L. R. 702.

These decisions would appear to coincide with previous rulings of this court to the effect that under the marital relation, the labor in the house belongs to the husband. *Felker* v. *Bangor Railway and Electric Company,* 112 Me. 255, 257; 91 A. 980.

We are of the opinion that the foregoing decisions upon the point are well founded and we rule that the instruction about which the defendant now complains is sound law, and so this exception must be overruled.

The evidence discloses that the injuries suffered by the child were of a most serious nature and it does not seem to be seriously contended that the verdict rendered for the child is excessive. The mother attended the child for a period of 18 days for practically 24 hours each day. Moreover, it was necessary for her to render care to the child in the home after her discharge from the hospital. There is evidence in the case to the effect that there is a likelihood that the child may have to submit to major surgery in the future, thus creating additional expense. We cannot say that the amount awarded by the jury in excess of the stipulated special damages is excessive.

> "It is not for the reviewing court to interfere merely because the award is large, or because the court would have awarded less. Unless a verdict very clearly appears to be excessive, upon any view of the facts which the jury are authorized to adopt, it will not be disturbed." *Baston* v. *Thombs,* 127 Me. 278, 281; 143 A. 63; *Pearson* v. *Hanna,* 145 Me. 379, 70 A. (2nd) 247; *McMann* v. *Reliable Furniture Co.,* 153 Me. 383, 140 A. (2nd) 736.

The entry will be

*Exceptions overruled.*

*Motions for new trial denied.*