**June TENNEY, as parent of Laurie M. Tenney**

v.

**Kenneth TAYLOR et al.**

Supreme Judicial Court of Maine.

Oct. 26, 1978.

**1093**

Eaton, Glass & Marsano, by Francis C. Marsano (orally), Belfast, for plaintiff.

Marshall, Raymond & Beliveau, by Samuel A. Wilkinson (orally), John B. Beliveau, Lewiston, for Taylor.

Hewes, Culley & Feehan, by George W. Beals, Portland, for Clark.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY, JJ.

PER CURIAM.

Plaintiff June Tenney brought an action on behalf of her infant daughter, Laurie, for personal injury against Kenneth Taylor and Frank Clark. Taylor cross-claimed against Clark for contribution and exoneration. Plaintiff and defendant Clark negotiated a court-approved settlement. Following a bench trial, judgment was ordered in favor of the plaintiff and defendant Clark. Defendant Taylor now appeals from that judgment. Plaintiff cross-appeals on the issue of damages.

Testimony at trial revealed the following facts:

On April 1, 1970, appellant Taylor parked his one-half-ton pick-up truck facing south on the westerly side of High Street in Belfast within a "No Parking Anytime" zone. Eight feet in front (south) of the truck was a crosswalk. A "No Parking Anytime" sign was located on the same side of High Street just south of the crosswalk. Minor plaintiff Laurie Tenney, then nearly six years old, was a kindergarten student at an elementary school located one block north on High Street, also on the westerly side. In going from school to her home, she habitually walked south on the sidewalk along the westerly side of High Street and crossed High Street with the aid of patrol boys at the crosswalk. Usually there were no parked vehicles on High Street.

On the morning of April 1, 1970, at 11:45, Laurie proceeded south on High Street. There were no patrol boys at the crosswalk. When she was about one foot in front of appellant's truck, and thus several feet north of the crosswalk, Laurie left the sidewalk and, peeking to the south, jumped out in front of the parked truck into High Street. Defendant Clark was proceeding south on High Street in his automobile at about fifteen miles per hour. The right front fender of his automobile struck Laurie, who suffered as a result a three- or four-inch cut on her forehead.

The evidence supported the trial court's finding that defendant Clark was driving slowly and could not have avoided the accident. The court was also justified in concluding that appellant's negligence in selection of the place for parking his truck was a proximate cause of the accident. *Packard v. Whitten*, Me., 274 A.2d 169 (1971). The justice found total damages to be in the amount of $4,500. He noted that the scar from the minor plaintiff's cut was still visible after seven years, although he did not find the scar to be a permanent injury. An award of damages will not be held excessive unless there is no rational basis to support it. *Jamshidi v. Bowden*, Me., 366 A.2d 522 (1976). The appeal of defendant Taylor must therefore be denied.

■ The presiding justice further found, by application of the comparative negligence statute, that appellee's damages should be reduced by thirty per cent. Plaintiff's cross-appeal challenges this finding on the ground that, because of the plaintiff's age, a correct assessment of the "relative blameworthiness" of Laurie Tenney's conduct and that of defendant Taylor must result in a decision that defendant was solely responsible for the damage. We do not agree. The trier of fact must consider the age, capacity and experience of a minor child in determining the extent to which the child is capable of exercising care. *Ross v. Russell,* 142 Me. 101, 48 A.2d 403 (1946). In the circumstances of this case, the trial justice's determination of that issue was not clearly erroneous.

The entry is:

Appeal denied.

Cross-appeal denied.

Judgment affirmed.

Appellant Taylor to pay all costs of this appeal, including the amount of $192 which appellee was directed to advance to appellant Taylor by order of this Court dated May 9, 1978.

ARCHIBALD and NICHOLS, JJ., did not sit.